IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
10. JOHNIE A. MYERS,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER,
16. CLIFFORD M. WRIGHT,

    Defendants.

_____

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER FOR
JENCKS ACT, RULE 26.2 AND RULE 16 MATERIAL**
_____

THE UNITED STATES OF AMERICA, by United States Attorney John F. Walsh, through the undersigned Assistant U.S. Attorney, hereby enters the Government's Motion for an order, pursuant to Fed. R. Crim. P. 16(d), Rule 26.2, and the All Writs Act at Title 28 U.S.C. § 1651, protecting 18 U.S.C. § 3500 Jencks Act material, Rule 26.2 material and Rule 16 material disclosed in the above referenced case from unauthorized circulation and duplication (Motion).  As grounds therefor, the Government states and represents to the Court as follows:

    1.    The Government respectfully asks the Court to take judicial notice of the contents of its own files in this case.  Government Counsel respectfully advises the

1

Court that the Government is not informed of the defendants' positions with respect to this motion.

2.  The Government has developed or acquired, and may in the future develop or acquire, documentary material (the media by means of which Jencks Act, Rule 26.2, and Rule 16 material may be disclosed may include electronically formatted files, images, documents and pictures) concerning persons who may become witnesses in this case, photographic record of a person who may become a witness, and NCIC records and other records including personal identifying information of one or more persons who may become a witness.  Jencks Act material would also include some reports detailing the statements of one or more witnesses, potentially including statements or reports of statements reflecting debriefing with law enforcement investigators.  Such statements would be subject to disclosure at the time of trial, if the witness(es) concerned were called to testify, pursuant to the Jencks Act, at Title 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  *See also United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

3.  Although pretrial disclosure of Jencks Act material and Rule 26.2 material is not required by Fed. R. Crim. P. 16, the disclosure of some such material before trial may facilitate the resolution of the present case by trial or by plea agreement.  In order to expedite the progress of this case, the Government asks the Court for a protective order imposing some limitations on the control of certain documents to serve the purposes of the Jencks Act at Title 18 U.S.C. § 3500,  Rule 26.2, Rule 16 and *Ruiz.* The valid public policy purposes served by the Jencks Act include permitting the Government to develop an investigation without the premature disclosure of information concerning the direction of the investigation and the protection of witness information from abuse.

4. The Government is concerned with precluding the unwarranted publication of information about persons assisting law enforcement, to include the possible publication or distribution of a photograph or addresses, dates of birth or Social Security information concerning a person or persons cooperating with law enforcement by means of the internet or any other means of publication or distribution outside of the official use of material for purposes directly related to the orderly development of this case.  The publication of documentary material in the past has been known, upon occasion, to produce an inflammatory reaction among persons involved in a culture of criminal activity.  The Government has discovered that "seeing it in writing" may result in a negative and sometimes destructive reaction on the part of certain individuals directed at persons believed to be Government informants, Government witnesses, or persons otherwise cooperating with law enforcement.  The unregulated circulation of such photographs would not serve the public interest.  The public availability of a photograph of a person accused of assisting law enforcement may increase the level of risk for such a person by enabling strangers to identify such a person.   Similarly, specific personal identifying information normally contained in an NCIC/CCIC report or other records and information might result in some form of identity theft or some other form of abuse unless the uses of such records are regulated by protective order.

5. In order to reduce the complications that may flow from pretrial disclosure of  Jencks Act material, Rule 26.2 information,  and certain Rule 16 material, the Government respectfully asks the Court for an order limiting the circulation of Jencks Act material and Rule 26.2 material or information, such as witness statements or reports of witness statements, and Rule 16 material, including any photographic and personal identifying information such as NCIC/CCIC reports, dates of birth, home addresses, or Social Security information released before trial by the Government.

6. The Government respectfully asks the Court to limit the use of such material by the defense to pretrial preparations and official judicial proceedings specifically involving the pending criminal case of the above named defendant in the United States District Court for the District of Colorado, to include any appeal. The Government does not object to a named defendant's being permitted to read or review the Jencks Act, Rule 26.2, and Rule 16 material; however, the Government requests that sensitive Jencks Act material and Rule 26.2 material, and personal identifying information of witnesses, to include witness statements or reports of debriefings, statements by witnesses or persons assisting law enforcement, and any pictures of such persons, shall remain at all times in the positive control of the attorney for the defendant or a member of the defense attorney's confidential staff, a professional defense investigator working with the defense attorney, or a confidential assistant employed by the defense attorney. In the event that the defendant remains in custody of the U.S. Marshall pending the outcome of his case, the Government requests authorization to coordinate with the U.S. Marshall and the defense so that the defendant may have access to electronically stored information in a read-only format under the control and supervision of the responsible custodial representative of the U.S. Marshall. Such Jencks Act material and photographs of persons should not be entrusted to the exclusive custody of the defendant. Similarly, the Government asks the Court to direct that custody of records showing personal identifying information of witnesses disclosed to the defense, such as any NCIC/CCIC reports relating to witnesses, be maintained in the same way.

7. It is further requested that, at the conclusion of the case, the described Jencks Act material, NCIC/CCIC reports, and any photographs may be properly disposed of or may be returned to the United States Attorney's Office.

8.	The Government believes the defense will understand the basis for the Government's concerns and does not anticipate confusion regarding the status of documents disclosed before trial.  The Government proposes that, if the parties cannot agree as to whether some specific document falls within the proposed protective order or should be exempt from the protective order, the defendant or the Government will bring the issue regarding specific documents to the Court for the Court's further consideration.

Respectfully submitted this 24th day of January 2012.

        JOHN F. WALSH
        United States Attorney


        By:  s/Guy Till
        GUY TILL
        Assistant United States Attorney
        United States Attorney's Office
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone:  (303) 454-0207
        Fax:  (303) 454-0401
        guy.till@usdoj.gov
        Attorney for Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of January, 2012, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR PROTECTIVE ORDER FOR JENCKS ACT, RULE 26.2 AND RULE 16 MATERIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      s/Lisa Vargas
      Lisa Vargas, Legal Assistant
      U.S. Attorney's Office
      1225 17th Street, Suite 700
      Denver, Colorado 8020
      Telephone: (3030 454-0100
      Fax: (3030 454-0409
      Email: Lisa Vargas@usdoj.gov