IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  12-cr-00010-MSK

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**

**14.  THOMAS A. SCHRAH, Jr.,**

   **Defendant.**

---

### UNOPPOSED MOTION OUT OF TIME TO EXCLUDE TIME FROM SPEEDY TRIAL COMPUTATION AND FOR ORDER GRANTING CONTINUANCE OF FILING DEADLINES AND SETTINGS

---

   Defendant, Thomas A. Schrah, Jr., by and through counsel, Douglas L. Romero, moves this Court to exclude thirty days time until, from the speedy trial computation and for an order granting a continuance of: (1) the filing deadlines of February 16, 2012 and March 8, 2012, for motions and responses; (2) the motions hearing of March 16, 2012 at 1:30 p.m.; and (3) the trial set to commence on March 19, 2012, at 1:00 p.m., for good cause shown as follows:

**Procedural History**

1.  Mr. Schrah had his initial appearance before the magistrate judge on January 23, 2012.  Undersigned counsel entered his appearance on that same date.

1

2. A federal grand jury returned a thirty-eight count indictment against Mr. Schrah and fifteen others on February 6, 2012 [#180]. Mr. Schrah is charged in two counts of the indictment. Mr. Schrah's charges include: Conspiracy to Use and Maintaining a Drug-Involved Premises (Count Thirty-One) in violation of 21 U.S.C. §§ 846 and 856(a)(1) and (2) and (b), and Using and Maintaining a Drug-Involved Premises (Count Thirty-Two) in violation of 21 U.S.C. § 856(a)(1) and (2) and (b), Aiding and Abetting 18 U.S.C. § 2.

3. Mr. Schrah entered pleas of not guilty on January 26, 2012. The Speedy Trial time limits of 18 U.S.C. § 3161 calculated by the Court are as follows: 30 days is February 22, 2012; 70 days is April 2, 2012; 90 days is April 22, 2012.

4. On January 26, 2012, the Court issued is Setting and Trial Preparation Order [#76] establishing filing deadlines and setting a jury trial to commence on March 19, 2012.

5. Pursuant to the Discovery Conference Memorandum and Order [#122], the government was to disclose discovery on February 6, 2012. However, the investigation appears to be ongoing.

**Request for Exclusion of Time and Continuance**

6. Defendant Thomas A. Schrah, Jr. requests an exclusion of time of thirty days

2

and an order granting a continuance of: (1) the filing deadlines of February 16, 2012 and March 8, 2012, for motions and responses; (2) the motions hearing of March 16, 2012 at 1:30 p.m.; and (3) the trial set to commence on March 19, 2012, at 1:00 p.m.

7.  In determining a motion to continue [a trial] the Tenth Circuit has established the following relevant factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] (4) the need asserted for the continuance and the harm that [defendant-movant] might suffer as a result of the district court's denial of the continuance. United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987).  The fourth and final factor is "by far the most important." Id. at 1476.

8.  The Tenth Circuit has recently clarified the issue of a continuance in United States v. Toombs, 574 F.3d 1262, 1268-1269 (10th Cir. 2009).  In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A) of the Speedy Trial Act, certain prerequisites must be

satisfied.  The Court must consider the facts listed in section 3161(h)(7)(B) as follows:

a.  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.  In this case, counsel and the Defendant are still evaluating the discovery that was recently provided.  Additionally, counsel and the Defendant have been informed by AUSA Guy Till that more discovery is currently being processed.

b.  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].  The discovery in this case is thus far is very voluminous and due to the number of defendants involved, and the indications about the evidence, it is believed that additional discovery is forthcoming.

c.  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment

4

within the period specified in section 3161(b), or because of the facts

upon which the grand jury must base its determination are unusual or

complex.  This factor has no application to the instant situation.

d.  Whether the failure to grant such a continuance in a case, which, taken

as a whole, is not so unusual or so complex as to fall within clause (ii),

would deny the defendant reasonable time to obtain counsel, would

unreasonably deny the defendant or the Government continuity of

counsel, or would deny counsel for the defendant or the attorney for the

Government the reasonable necessary for effective preparation, taking

into account the exercise of due diligence.  Counsel has been actively

discussing the case and the discovery provided thus far with the

Defendant.  The Defendant has identified that many of the other persons

involved in the investigation have no connection with him.  Defendant

requires an additional thirty days to investigate this and other facts

relating to Defendant's alleged role (or lack thereof) in the most serious

charge contained in the indictment, which spans a five year period of

time. 18 U.S.C. § 3161(h)(7)(B)(i) – (iv).  After considering these

factors, the court must set forth, "in the record of the case, either orally

or in writing, its reasons for finding that the ends of justice served by the

5

granting of such continuance outweighs the best interests of the public and the defendant in a speedy trial." <u>United States v. Hill</u>, 197 F.3d 346, 441 (10th Cir. 1999), § 3161(h)(7)(A).  The balancing must occur contemporaneously with the granting of the continuance. <u>Id.</u>

9.  Neither party will be inconvenienced by the requested continuance.  Indeed, the requested continuance will enable the parties to have more fruitful discussions.

10. The Assistant U.S. Attorney, Mr. Guy Till, was contacted and is unopposed to this motion.

11. The requested period of exclusion is thirty days.

**WHEREFORE**, the Defendant requests the Court to exclude time from the speedy trial computation until April 9, 2012, and for an order granting a continuance of: 1) the filing deadlines of February 16, 2012 and March 8, 2012, for motions and responses; (2) the motions hearing of March 16, 2012 at 1:30 p.m.; and (3) the trial set to commence on March 19, 2012, at 1:00 p.m.

Dated:  March 6, 2012

Attorney for Defendant

/s/ Douglas L. Romero_____
Douglas L. Romero #35464
The Law Office of Douglas L. Romero
200 S. Sheridan Blvd., Suite 150
Denver, CO 80226
(303) 934-7500
dougromero@coloradochristiandefensecounsel.com

<u>*CERTIFICATE OF SERVICE*</u>

I certify that on this 9th day of March, 2012, I caused the foregoing

**UNOPPOSED MOTION OUT OF TIME TO EXCLUDE TIME FROM**

**SPEEDY TRIAL COMPUTATION AND FOR ORDER GRANTING**

**CONTINUANCE OF FILING DEADLINES AND SETTINGS** to be

electronically filed with the Court via CM/ECF system and mailed to the following

parties:

Guy Till
U.S. ATTORNEY'S OFFICE
1225 17th Street, Suite 700
Denver, CO  80202
guy.till@usdoj.gov


/s/Marina Quintana_____