IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00010-MSK

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**14.  THOMAS A. SCHRAH, Jr.,**

      **Defendant.**

---

**DEFENDANT THOMAS A. SCHRAH JR.'S MOTION TO DISCLOSE
IDENTITY OF INFORMANTS (WITH AUTHORITY)**

---

      COMES NOW Defendant Thomas A. Schrah, Jr., by and through the undersigned counsel and hereby moves this Court for the entry of an Order requiring the Government to disclose to the Defendant, in advance of trial, the matters, or classes of matters, and all information or documents pertaining thereto, as are hereinafter set forth.

      Further, Defendant Schrah requests that the Government affirm or deny the existence of the discovery sought herein to avoid confusion regarding whether a document exists and has not been disclosed, or that a document exists and has been overlooked.

Defendant requests the Government disclose the identity and whereabouts of any and all confidential Government informant(s) whose testimony the Government intends to offer at the trial or who were utilized during the instant case investigation.

This request encompasses any informant:

a. Who was an eyewitness to any of the offenses charged in the indictment;

b. Who was a participant in any of the offenses charged in the indictment;

c. Whose testimony is offered in an attempt to establish any wrongful conduct of the Defendant not alleged in the Indictment; or

d. Who provided the information which resulted in the targeting of any of the Defendant in the investigation.

As grounds for this motion, Defendant Schrah submits that disclosure of the informer's identity is required if the identity of the informant would be relevant or helpful to the defense, or essential to a fair determination of the cause. *Rovario v. United States*, 335 U.S. 53 (1957).

Only the Government has knowledge of the status of a confidential informant within categories a, b, c, and d above. While the disclosure of the identity of such

informants can usually not be required in the absence of a special showing by the Defendant that the Defendant needs the testimony of the informant for some purpose, voluntary disclosure by the Government should be encouraged for fundamental fairness, and to avoid a deprivation of due process of law to the Defendant. *United States v. Opager*, 589 F.2d 799, 804-806 (5th Cir. 1979).

While a witness is free to refuse a Defendant's request for an interview, it is a "different matter for the Government to pace a defendant at a tactical disadvantage by reserving to itself alone the ability to request an interview with a material witness." *U.S. v. Fischel*, 696 F.2d 1082, 1092 (5th Cir. 1982). Witnesses are the property of neither party and both parties ought to have equal access. *Gregory v. U.S.*, 369 F.2d 185, 188 (D.C. Cir. 1966).

WHEREFORE, Defendant Schrah prays for the relief requested, and for such other and further relief as this Court deems just and proper in this matter.

Respectfully submitted this 12th day of March, 2012

                Attorney for Defendant

                /s/ Douglas L. Romero_____
                Douglas L. Romero #35464
                The Law Office of Douglas L. Romero
                200 S. Sheridan Blvd., Suite 150
                Denver, CO 80226
                (303) 934-7500
                dougromero@coloradochristiandefensecounsel.com

## *CERTIFICATE OF SERVICE*

I certify that on this 12th day of March, 2012, I caused the foregoing **DEFENDANT THOMAS A. SCHRAH JR.'S MOTION TO COMPEL DISCOVERY OF IDENTITY OF INFORMANTS (WITH AUTHORITY)** to be electronically filed with the Court via CM/ECF system and mailed to the following parties:

Guy Till
U.S. ATTORNEY'S OFFICE
1225 17th Street, Suite 700
Denver, CO  80202
guy.till@usdoj.gov

/s/Sheila Sweeney_____

4