# U.S. v ASKEW, ET AL.

# Criminal Case No. 12-cr-00010-MSK

# ATTACHMENT ONE

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 2 | | | *Conspiracy A, B, C, D, E - Please see Government's Introduction to James Proffer for explanation of each Conspiracy.* | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | *JAMES PROFFER, PART I* | | | | | |
| 6 | 1 | Summer 2005 | During the summer of 2005, Harold LNU (possibly Harold Mason - a member of the HLMC Arkansas Chapter) began encouraging Zeddie Adams to start working as a drug courier.  Specifically, Harold LNU wanted Adams to transport kilogram quantities of cocaine from his source of supply, Manuel (subsequently identified as Corey Riley 01/28/1969), in Denver, Colorado to Cleveland, Ohio. | Harold LNU | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)     Statement in furtherance of Conspiracy C | 13 | 13 - This statement was not made by the Defendant. This statement statement appears to have been made by an unknown person and if admitted at trial would deny the Defendant his confrontation rights. Addionally, this statement does not demonstrate a likelihood that the Defendant is involved in this alleged conspiracy. |
| 7 | 2 | Summer 2005 | During the summer of 2005, Harold LNU told Adams that the previous drug courier responsible for transporting the cocaine (believed to be Michael Frost) from Denver was recently arrested and sentenced to federal prison on drug-related charges. | Harold L NU | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)     Statement in furtherance of Conspiracy C | 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. This statement appears to have been made by an unknown person and if admitted at trial would deny the Defendant his confrontation rights. |
| 8 | 3 | Summer 2005 | In 2005, Adams traveled to Denver with Harold LNU to meet Manuel (Riley).  Adams and Harold LNU met with Manuel (Riley) at the Hells Lovers clubhouse and at a tattoo shop. | Zeddie Adams | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)     Event in furtherance of Conspiracy A, C | 13 | 13 - This is an event not a statement and should not come in under the exception |

1

AUSA Guy Till
United States v. Askew, et al
Government's James Proffer, Parts I and II
12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 9 | 4 | Summer 2005 | In 2005, following their initial meeting with Manuel (Riley), Harold LNU told Adams that "everything is on" and that "Manuel is the man." | Harold LNU | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)     Statement in furtherance of Conspiracy A, C | 13 | 13 - This statement was not made by the Defendant. This statement statement appears to have been made by an unknown person and if admitted at trial would deny the Defendant his confrontation rights.  Addionally, this statement does not demonstrate a likelihood that the Defendant is involved in these alleged conspiracies. |
| 10 | 5 | Summer 2005 | During their second meeting in Denver, Manuel (Riley) talked to Harold LNU and Adams about "putting something together." | Zeddie Adams | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See | 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 11 | 6 | Summer 2005 | During the summer of 2005, Harold LNU (possibly Harold Mason - a member of the HLMC Arkansas Chapter) began encouraging Zeddie Adams to start working as a drug courier.  Specifically, Harold LNU wanted Adams to transport kilogram quantities of cocaine from his source of supply, Manuel (subsequently identified as Corey Riley 01/28/1969), in Denver, Colorado to Cleveland, Ohio. | Harold LNU | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)     Statement in furtherance of Conspiracy C | 13 | 13 - This statement was not made by the Defendant. This statement statement appears to have been made by an unknown person and if admitted at trial would deny the Defendant his confrontation rights.  Addionally, this statement does not demonstrate a likelihood that the Defendant is involved in this alleged conspiracy. |
| 12 | 7 | Summer 2005 | During the summer of 2005, Harold LNU told Adams that the previous drug courier responsible for transporting the cocaine (believed to be Michael Frost) from Denver was recently arrested and sentenced to federal prison on drug-related charges. | Harold L NU | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)     Statement in furtherance of Conspiracy C | 13 | This statement was not made by the Defendant. This statement statement appears to have been made by an unknown person and if admitted at trial would deny the Defendant his confrontation rights. Addionally, this statement does not demonstrate a likelihood that the Defendant is involved in this alleged conspiracy. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 13 | 8 | Summer 2005 | In 2005, Adams traveled to Denver with Harold LNU to meet Manuel (Riley).  Adams and Harold LNU met with Manuel (Riley) at the Hells Lovers clubhouse and at a tattoo shop. | Zeddie Adams | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)    Event in furtherance of Conspiracy A, C | 13 | 13 - This is an event not a statement and should not come in under the exception |
| 14 | 9 | Summer 2005 | In 2005, following their initial meeting with Manuel (Riley), Harold LNU told Adams that "everything is on" and that "Manuel is the man." | Harold LNU | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)    Statement in furtherance of Conspiracy A, C | 13 | 13 - This statement was not made by the Defendant. This statement statement appears to have been made by an unknown person and if admitted at trial would deny the Defendant his confrontation rights. Addionally, this statement does not demonstrate a likelihood that the Defendant is involved in this alleged conspiracy. |
| 15 | 10 | Summer 2005 | During their second meeting in Denver, Manuel (Riley) talked to Harold LNU and Adams about "putting something together." | Zeddie Adams | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)    Statement in furtherance of Conspiracy C | 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 16 | 11 | Summer 2006 | Manuel (Riley) traveled to Cleveland to retrieve payment from Adams for the kilogram of cocaine provided in Memphis.  During the meeting, Adams paid Manuel (Riley) $20,000 for the cocaine.  Manuel (Riley) offered Adams another kilogram of cocaine, but Adams declined the offer because he still had a remaining quantity of cocaine to sell. | Corey Riley | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E).  Event in furtherance of Conspiracy C | 13 | 13 - This is an event not a statement and should not come in under the exception |

3

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 17 | 12 | Sept 2006 | Adams was arrested with a quantity of cocaine.  The cocaine was previously obtained from Manuel (Riley). | Zeddie Adams | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)    Event in furtherance of Conspiracy C | 13 | 13 - This is an event not a statement and should not come in under the exception |
| 18 | 13 | Summer 2007 | Manuel (Riley) told Adams that a drug customer named "Spud" wanted one kilogram of cocaine. Manuel (Riley) said that "Spud" did not want to travel to Denver to pick up the cocaine and that he would pay Adams $2,000 to travel to Denver to retrieve the cocaine. | Corey Riley | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)    Statement in furtherance of Conspiracy C | 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 19 | 14 | Summer 2007 | Adams met with "Spud" prior to traveling to Denver.  "Spud" provided Adams with $24,000 to pay for the kilogram of cocaine and as payment for Adams' role of transporting the cocaine. | "Spud" | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)    Event in furtherance of Conspiracy C | 13 | 13 - This is an event not a statement and should not come in under the exception |
| 20 | 15 | Summer 2007 | Adams traveled to Denver by bus.  Adams was picked up at the bus station by Manuel (Riley). Manuel (Riley) provided Adams with one kilogram of cocaine in exchange for $22,000.  Adams then boarded a train back to Cleveland.  Adams was arrested on the train as it traveled through Nebraska. | Zeddie Adams | Adams Interview 07/17/2007 | Shows existence of ongoing common venture including a group of people associated for common purpose of engaging in a course of conduct over a period of time.  See 801(d)(2)(E)    Events in furtherance of Conspiracy C | 13 | 13 - This is an event not a statement and should not come in under the exception |
| 21 | | | | | | | | |
| 22 | | | *JAMES PROFFER - PART II* | | | | | |

4

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 23 | 1 | 2009/01/28 | CI-40 purchased cocaine from HLMC member Calvin RILEY aka BIG CAT. Following the transaction, the CI engaged Ca. RILEY in conversation about other HLMC business. The CI stated, "I got my ass chewed out for callin' FACE (HLMC member Derrick BROWN) first. The nation, they trying to get him, they trying to get FACE. They trying to uh, write him up and chew his ass out too". Reference to HLMC National leadership. HLMC member Sheps KHAMSAHU was, at the time, assigned over HLMC Prospects and Probationary members. | Sheps KHAMSAHU [7] | ATF E-000004.02 dated 01/28/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 24 | 2 | 2009/01/28 | CI-40 purchased cocaine from HLMC member Calvin RILEY. Following the transaction the CI later inquired from Ca. RILEY about purchasing a firearm. RILEY replied, "I don't even need a motherfucker. A trigger, nigga. I got the trigger right here. Pop, pop, pop." RILEY later stated, "I keep all my guns". According to the CI, Ca. RILEY exposed a firearm in his waistband. | Calvin RILEY [12] | ATF E-000004.02 dated 01/28/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: B, C, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that the Defendant is involved in these alleged conspiracies. |
| 25 | 3 | 2009/02/13 | James SWITZER sold a firearm and ammunition to CI-40. SWITZER stated that he had purchased the firearm from HLMC member Romell BULLOCK aka ROME. | James SWITZER [15] | ATF E-000005 dated 02/13/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E)   Conspiracy B, D | 3, 13, 14 | 13 - This is an event not a statement and should not come in under the exception |
| 26 | 4 | 2009/02/13 | CI-40 advised James SWITZER to perform duties assigned to HLMC Prospects. SWITZER indicated that he would not have his "colors" ("colors" refer to the three piece patches which are used by Outlaw Motorcycle Gangs to identify themselves by organization and chapter or region) taken away from him. | James SWITZER | ATF E-000005 dated 02/13/2009 | *Background statements, Conspiracy: A, D* | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

5

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 27 | 5 | 2009/04/14 | HLMC "Property Of" from Kansas City, Kansas Chapter of HLMC identified as "JAZZIE" contacted CI-40 about a possible homicide allegedly perpetrated members of HLMC.  CI ordered "JAZZIE" to contact HLMC Kansas City Chapter President "TRUCK" and provide information. | "JAZZIE" | ATF E-000009 dated 04/14/2009 Labeled - WS_30043 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)  Conspiracy E | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 28 | 6 | 2009/04/14 | HLMC "Property Of" identified as "JAZZIE" contacted CI-40 about relating information to HLMC Kansas City Chapter President "TRUCK" about a possible homicide.  "JAZZIE" stated that "TRUCK" instructed her, "You don't know nothing". | "JAZZIE" | ATF E-000009 dated 04/14/2009 Labeled - WS_30046 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy E | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 29 | 7 | 2009/04/21 | CI-40 contacted Adrian HICKMAN, an HLMC member from the Kansas City, KS Chapter, and attempted to set up the purchase of two (2) ounces of cocaine.  HICKMAN stated he could get "Straight pure powder" for $1000 per ounce. | Adrian HICKMAN | ATF E-000010 dated 04/21/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 30 | 8 | 2009/06/01 | CI-40 contacted HLMC member Milton NEWBORN about purchasing cocaine (referred to as "groceries").  CI asked, "You got any groceries?" to which NEWBORN replied, "Yeah".  NEWBORN stated that he would talk to CI, "when I (NEWBORN) see you". | Milton NEWBORN | ATF E-000012 dated 06/01/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 31 | 9 | 2009/06/29 | Nathaniel FOLKERT spoke to CI-40 about drug use and drug dealing at the HLMC clubhouse.  FOLKERT stated, "That was the spot for everything" and referred to "dealing with drugs" and "fucking around".  FOLKERT is roommates with the nephew of HLMC members Corey RILEY and Calvin RILEY and is the boyfriend of Corey and Calvin RILEY's niece. FOLKERT is known at the HLMC clubhouse and by HLMC members. | Nathaniel FOLKERT | ATF E-000018 dated 06/29/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy A, C | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

United States v. Askew, et al
Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 32 | 10 | 2009/06/29 | CI-40 made a recorded telephone call to HLMC associate Nathaniel FOLKERT about the purchase of ecstasy pills, FOLKERT stated that a third party, identified as "BOB" (FNU LNU) was the "connect" for the purchase of the pills. | Nathaniel FOLKERT | ATF E-000019 dated 06/29/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy A, C | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 33 | 11 | 2009/07/02 | CI-40 spoke with HLMC member Calvin RILEY during the purchase of one-half (1/2) ounce of cocaine about an HLMC "Property Of" (female associate of HLMC) who had her colors taken away for a transgression against a male club member.  CI-40 asked "so all they did was take away her colors?" to which Ca. RILEY responded, "I guess so, I don't know." | CI-40 and Calvin RILEY [12] | ATF E-000020 dated 07/02/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 34 | 12 | 2009/07/02 | HLMC member Calvin RILEYcontacted ATF CI-40 and requested that the CI split the purchase of one (1) ounce of cocaine (CI-40 and RILEY each received one-half of an ounce). | Calvin RILEY [12] | ATF E-000020 dated 07/02/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 35 | 13 | 2009/07/10 | CI-40 met with and purchased a firearm from HLMC member Calvin RILEY.  Ca. RILEY asked the CI if he would be able to "get it (the firearm) back?" | Calvin RILEY [12] | ATF E-000021 dated 07/10/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy C, D | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 36 | 14 | 2009/07/10 | CI-40 indicated to Calvin RILEY that a local bar was in need of a cocaine and marijuana distributor.  Ca. RILEY stated that he would "grab some" (referring to supplying drugs and making money). | Calvin RILEY [12] | ATF E-000021 dated 07/10/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)   Conspiracy C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 37 | 15 | 2009/08/27 | CI-58 arranged the purchase of one (1) ounce of HLMC member Odis JENKINS. JENKINS indicated that he had received the cocaine from an unnamed source, but indicated that he could also be sources from another individual for a higher price. | Odis JENKINS | ATF E-000024 dated 08/27/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E)   Conspiracy C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 38 | 16 | 2009/09/10 | CI-58 purchased two (2) ounces of cocaine from HLMC member Odis JENKINS. JENKINS stated, "Yeah, there's two in there." | Odis JENKINS | ATF E-000025 dated 09/10/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E)   Conspiracy C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 39 | 17 | 2009/09/22 | ATF UC Mora attempted to purchase cocaine from HLMC associate Patrick KRUSE. KRUSE would not sell to an individual he did not know and asked, "What about Outlaw's fucking... friends" (referring to HLMC members). | Patrick KRUSE | ATF E-000026 dated 09/22/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E)   Conspiracy D | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 40 | 18 | 2009/09/23 | ATF CI-58 met with HLMC member Odis JENKINS to purchase two (2) ounces of cocaine. JENKINS was late to the pre-arranged transaction and stated, "Trust me dude, it's not like I don't have - I'm the one that's in control of it all... he's been jerking me around because basically he's running low" (referring to his supplier of cocaine). | Odis JENKINS | ATF E-000027 dated 09/23/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E)   Conspiracy C | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 41 | 19 | 2009/09/23 | JENKINS provided cocaine to CI-58 and stated "there's three different batches there. JENKINS stated that his source provided a total that was "eight grams shy of the fifty-six (approximate weight of two (2) ounces)". As a result JENKINS charged the CI less than the agreed upon price. | Odis JENKINS | ATF E-000027 dated 09/23/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E)   Conspiracy C | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

8

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 42 | 20 | 2009/09/23 | CI-58 indicated to JENKINS that HLMC President Lawrence MARTIN told the CI not to  talk to HLMC members about the purchase of firearms. CI-58 had previously been directed to attempt to purchase a firearm from HLMC member Romell BULLOCK. JENKINS stated that he did not know, but that he (JENKINS) was "cool with what you and I are doing". | Odis JENKINS | ATF E-000027 dated 09/23/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E)    Conspiracy B,C, D, and E | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 43 | 21 | 2009/10/05 | CI-58 placed a recorded telephone call to HLMC member Odis JENKINS about purchasing larger quantities of cocaine.  JENKINS stated that he had a "tester" (user amount) of cocaine for the CI to sample. | Odis JENKINS | ATF E-000028 dated 10/05/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: C | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 44 | 22 | 2009/10/16 | CI-58 met with HLMC member Odis JENKINS to purchase cocaine.  CI-58 contacted ATF SA Jeff Russell and (speaking in code) stated that he was going to travel with JENKINS to pick up the "t-shirts" (code for cocaine which had previously been used between CI-58 and Odis JENKINS). | Odis JENKINS | ATF E-000029 dated 10/16/2009 | See 803(3) Statement of CI's existing intention Event in furtherance of Conspiracy: C | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 45 | 23 | 2009/10/16 | Odis JENKINS met with CI-58 and while waiting for JENKINS' cocaine source to deliver two (2) ounces of cocaine, JENKINS stated that he had to "drop off a couple packages of weed (marijuana)". | Odis JENKINS | ATF E-000029 dated 10/16/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: C | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 46 | 24 | 2009/11/13 | CI-58 met with HLMC member Odis JENKINS in order to purchase two (2) ounces of cocaine. JENKINS did not have the cocaine on hand but stated that his supplier would "guarantee" delivery the following day. | Odis JENKINS | ATF E-000031 dated 11/13/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

9

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

|   | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 47 | 25 | 2009/11/14 | CI-58 arranged to meet with HLMC member Odis JENKINS to purchase two (2) ounces of cocaine. JENKINS arrived late to the pre-arranged meeting, when asked by the CI about this, JENKINS stated that he was "working on that with my guy and doing things". | Odis JENKINS | ATF E-000032 dated 11/14/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 48 | 26 | 2009/11/14 | HLMC member JENKINS explained to CI-58 that he shorted the CI 1.5 grams from each of the two (2) ounces of cocaine and allowed the source of supply to keep that amount of cocaine (approximately 1/8 of an ounce or an "eight ball").  "Because what I did is broke him one point five off of each one of ours, which gave him enough - an eight ball and gave him some cash". | Odis JENKINS | ATF E-000032 dated 11/14/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 49 | 27 | 2009/12/02 | CI-58 met with HLMC member Odis JENKINS to purchase two (2) ounces of cocaine.  JENKINS explained to CI that he had "stepped on a couple of things.  Just so I could try to get my money back". | Odis JENKINS | ATF E-000034 dated 12/02/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 50 | 28 | 2009/12/01 | HLMC member JENKINS spoke to CI-58 about growing marijuana and earning large amounts of money by growing marijuana in his residence. | Odis JENKINS | ATF E-000034 dated 12/02/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 51 | 29 | 2010/03/12 | CI-58 met with Eric LUGO to purchase two (2) ounces of cocaine.  CI-58 inquired about purchasing larger quantities of cocaine.  LUGO indicated that he could provide larger amounts. | Eric LUGO [8] | ATF E-000038 dated 03/12/2010 | *See 803(3)* - Lugo's then exisiting mental state.  **Statement/event in furtherance of conspircy: C** | 8 | 13 - Though this statements does not appear to be offered against this defendant, until the issue of severance is addressed, the Defendant objects as follows: This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 52 | 30 | 2010/04/07 | CI-111 met with HLMC Western Regional President Corey RILEY to purchase one (1) ounce of cocaine. RILEY discussed assaults on HLMC members, specifically former member Jerry ELKINS, who according to RILEY was disciplined "probably a dozen and a half times" in "ten years". | Corey RILEY [13] | ATF E-000039 dated 04/07/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C, E | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 53 | 31 | 2010/04/07 | Corey RILEY stated that he became HLMC Western Regional President in 2008. | Corey RILEY [13] | ATF E-000039 dated 04/07/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 54 | 32 | 2010/04/07 | CI-111 met with HLMC Western Regional President Corey RILEY about purchasing cocaine.  RILEY encouraged CI-111 to come to the HLMC clubhouse and "have some drinks, have some shots, shoot a couple of games of sticks, you know? Smoke one with the heads". | Corey RILEY [13] | ATF E-000039 dated 04/07/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

11

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 55 | 33 | 2010/04/14 | CI-58 met with Eric LUGO to purchase two (2) ounces of cocaine. During the conversation CI brought up the purchase of ecstasy pills. LUGO offered, "I'll give them for, for what I pay. Ten bucks". | Eric LUGO [8] | ATF E-000040 dated 04/14/2010 | See 803(3) - Lugo's then existingmental state. Statement/event in furtherance of Conspiracy: C | 8 | 13 - Though this statements does not appear to be offered against this defendant, until the issue of severance is addressed, the Defendant objects as follows: This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 56 | 34 | 2010/05/06 | CI-111 purchased one (1) ounce of cocaine from HLMC Western Regional President Corey RILEY. RILEY asked the CI, "How long will it take you to go through (the cocaine)". | Corey RILEY [13] | ATF E-000041 dated 05/06/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: C | 3, 4 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 57 | 35 | 2010/05/14 | CI-73 met with HLMC member Louis OSORIO aka RAMSEY to purchase one (1) ounce of cocaine. When the CI asked about the weight of the cocaine provided by OSORIO, OSORIO stated, "Come on now, you know it's business". | Louis OSORIO | ATF E-000042 dated 05/14/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: C | 3, 4 | 13 - Though this statements does not appear to be offered against this defendant, until the issue of severance is addressed, the Defendant objects as follows: This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 58 | 36 | 2010/07/14 | CI-111 purchased two (2) ounces of cocaine from HLMC Western Regional President Corey RILEY. RILEY informed the CI, that the cocaine was "a little higher quality than that other one". | Corey RILEY [13] | ATF E-000044 dated 07/14/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: C | 3, 4 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

AUSA Guy Till                      United States v. Askew, et al                      12-cr-00010-MSK
                              Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 59 | 37 | 2010/07/27 | CI-111 met with HLMC President Lawrence MARTIN aka TANK.  MARTIN and the CI discussed providing "Lovers Crew" colors to an individual ATF U/C West Jackson. | Lawrence MARTIN [9 | ATF E-000045 dated 07/27/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 60 | 38 | 2010/07/27 | CI-111 met with HLMC President Lawrence MARTIN. MARTIN discussed wearing his HLMC colors during an ongoing feud with another motorcycle club. MARTIN stated, "I wear my shit and wear it proudly. I've been doing this shit for thirty years bro". | Lawrence MARTIN [9 | ATF E-000045 dated 07/27/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 61 | 39 | 2010/07/27 | CI-111 met with HLMC President Lawrence MARTIN. CI and MARTIN discussed that HLMC had been informed that an informant working for law enforcement had infiltrated the club.  MARTIN stated to the CI, "I can have proof where my money come from.  My wife got it for me, you know? That's where my money come from.  What the fuck you want to know?  I ain't got nothing to hide.  I ain't giving off orders.  I ain't drug trafficking or none of that bullshit, you know?  I don't fuck | Lawrence MARTIN [9 | ATF E-000045 dated 07/27/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 62 | 40 | 2010/07/27 | HLMC President Lawrence MARTIN stated to CI-111, that HLMC Member Jody WALTON aka JW had been arrested in Denver.  MARTIN stated, "Motherfucker pulled him over, had a couple of ounces on him".  WALTON had been pulled over following an HLMC meeting at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  Denver Police Department reports show that cocaine and a firearm were recovered in WALTON's vehicle. | Lawrence MARTIN [9 | ATF E-000045 dated 07/27/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 63 | 41 | 2011/03/29 | CI-143 met with HLMC Western Clan President Corey RILEY.  The CI and RILEY discussed HLMC National President James LEE aka COLONEL and the reassignment of leadership positions in Western Chapters including Kansas City. | Corey RILEY [13] | ATF E-000052 dated 03/29/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 64 | 42 | 2011/03/29 | CI-143 attempted to purchase one-half (1/2) ounce of cocaine from HLMC Western Clan President Corey RILEY.  CI provided $400 for the purchase, RILEY stated, "I don't have it right this moment, but I should have it later on this evening." | Corey RILEY [13] | ATF E-000052 dated 03/29/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 65 | 43 | 2011/03/31 | CI-143 met with HLMC Western Regional President Corey RILEY to complete transaction started on 03/29/2011.  RILEY informed the CI that the price had increased.  RILEY informed the CI, "I got a quarter.  Do you want two-fifty or it would be five hundred on a half ounce" | Corey RILEY [13] | ATF E-000053 dated 03/31/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 66 | 44 | 2011/04/13 | CI-143 met with Corey RILEY to purchase one-half ounce of cocaine.  CI asked RILEY, "Is it a G for a full one?"  To which RILEY replied, "Yeah" and later explained, "They go up man". | Corey RILEY [13] | ATF E-000055 dated 04/13/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 67 | 45 | 2011/04/13 | Corey RILEY explained using Inositol powder to cut cocaine.  RILEY explained, "on a half ounce - I take - I put three, four, three and a half grams on this".  RILEY was referencing "cutting" the cocaine (adding a non-narcotic substance in order to increase volume by decreasing purity). | Corey RILEY [13 ] | ATF E-000055 dated 04/13/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

14

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 68 | 46 | 2011/05/12 | CI-143 attempted to purchase one (1) ounce of cocaine from HLMC member Corey RILEY.  RILEY sold the CI one-half ounce stating, "I ain't got a full one right at the moment" and later stating that his source was supposed to be delivering cocaine that evening. | Corey RILEY [13] | ATF E-000056 dated 05/12/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 69 | 47 | 2011/05/12 | CI-143 inquired from HLMC member Corey RILEY about purchasing approximately four and a half ounces of cocaine.  RILEY informed the CI that he would be able to make money from these transactions stating, "if you're going to do four and a half at a time, so your going to get a few hundred". | Corey RILEY [13] | ATF E-000056 dated 5/12/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 70 | 48 | 2011/05/12 | Corey RILEY explained to the CI how to cut cocaine using Inositol powder.  RILEY instructed the CI, "and then what you do is you take - you take out like, like about a quarter ounce.  You see what I'm saying?  You put a quarter ounce in.  This way, that's where you make your extra money". | Corey RILEY [13] | ATF E-000056 dated 5/12/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 71 | 49 | 2011/05/12 | CI-143 and Corey RILEY discussed the quality of RILEY's cocaine.  RILEY stated, "Even though that's - even broken down like it is, that shit's good.  You know what I'm saying?  That shit's good." | Corey RILEY [13] | ATF E-000056 dated 5/12/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 72 | 50 | 2011/05/12 | CI-143 discussed selling marijuana with HLMC member Corey RILEY.  RILEY stated to the CI, "Yeah, shit if you ain't got a good clientele base for it, you know?  Where people's loyal to you.  They're going to fucking dispensaries." | Corey RILEY [13] | ATF E-000056 dated 5/12/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

15

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 73 | 51 | 2011/05/20 | HLMC member Corey RILEY instructed CI-143 about secreting cocaine in a vehicle and advised that law enforcement would not have "probable cause" to search the vehicle so long as the CI had his "license and registration" and did not "smoke weed". | Corey RILEY [13] | ATF E-000057 dated 05/20/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 74 | 52 | 2011/06/03 | CI-143 met with HLMC Western Regional President Corey RILEY to purchase cocaine.  Corey RILEY asked the CI, "What you wanna get?" The CI replied, "four and a half (ounces)".  RILEY then stated, "okay". | Corey RILEY [13] | ATF E-000058 dated 06/03/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 75 | 53 | 2011/06/03 | Corey RILEY discussed the high quality of cocaine that he was trafficking.  The CI mentioned that the cocaine was high quality.  RILEY responded, "I know it is.  There ain't no good shit around here."  RILEY went on to state to the CI, "See I know people who try to downplay it.  You know what I'm saying?  But I know for a fact-". | Corey RILEY [13] | ATF E-000058 dated 06/03/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 76 | 54 | 2011/06/03 | CI-143 while conducting a controlled purchase of four and a half ounces of cocaine from Corey RILEY inquired how he could make money from the cocaine.  RILEY instructed the CI, "I'm only charging you the nine"…"so the total is going to be four (thousand)."  RILEY typically charged $1000 per ounce of cocaine | Corey RILEY [13] | ATF E-000058 dated 06/03/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 77 | 55 | 2011/06/03 | RILEY then instructed the CI to cut the cocaine and "take a quarter (ounce) out or something".  RILEY later cut the cocaine using Inositol powder and asked the CI, "Do you want to keep your quarter out of here?" | Corey RILEY [13] | ATF E-000058 dated 06/03/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

16

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 78 | 56 | 2011/06/0e | CI-143, while conducting a controlled purchase of four and a half ounces of cocaine from HLMC Western Regional President Corey RILEY mentioned, "that shit's right off the brick".  Corey RILEY replied, "Mhm".  This took place while RILEY was measuring four and a half ounces off of a larger chunk of cocaine. | Corey RILEY [13] | ATF E-000058 dated 06/03/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 79 | 57 | 2011/06/30 | CI-143 met with HLMC Western Regional President Corey RILEY to purchase two (2) ounces of cocaine. RILEY provided the cocaine to the CI and then instructed the CI, "You need to break that up" (referring to the chunks of cocaine). | Corey RILEY [13] | ATF E-000059 dated 06/30/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 80 | 58 | 2011/06/30 | Corey RILEY attempted to "cut" the two (2) ounces of cocaine and provided the CI with an eight-ball. RILEY put too much Inositol powder into the cocaine.  RILEY exclaimed, "Shit.  Damn it, man.  I put goddamn too much." | Corey RILEY [13] | ATF E-000059 dated 06/30/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 13 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 81 | 59 | 2010/11/01 | ATF U/C West Jackson met with members of the Hell's Lovers Motorcycle Club at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO. SA Jackson observed a firearm on Calvin RILEY aka BIG CAT who was on Colorado DOC Probation at the time.  The firearm was confirmed by ATF CI-111. | Calvin RILEY [12] | ATF E-000047 dated 11/01/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, D | 3, 4, 13, 14 | 13 - This is an event not a statement and should not come in under the exception |

17

AUSA Guy Till | United States v. Askew, et al | 12-cr-00010-MSK

Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 82 | 60 | 2010/11/01 | ATF U/C West Jackson met with members of HLMC at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  SA Jackson met with HLMC Prospect member Michael DAVID aka M&M who stated, "I'm trying to figure out how to talk to you because you're crew" (Lover's crew is a support club of HLMC and is not afforded the same membership privileges as HLMC members, prospects and probationary members). | Michael DAVID | ATF E-000047 dated 11/01/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 83 | 61 | 2010/11/01 | ATF U/C West Jackson met with HLMC member Joey LYNCH at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  LYNCH stated that when he joined HLMC in approximately 1986 he was a "big time drug dealer". | Joey LYNCH | ATF E-000047 dated 11/01/2010 (Voice 21 @ 12:48) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 84 | 62 | 2010/11/01 | ATF U/C West Jackson met with HLMC member Joey LYNCH at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  LYNCH described activities of HLMC as "gambling and whoring". | Joey LYNCH | ATF E-000047 dated 11/01/2010 (Voice 21 @ 15:00) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 85 | 63 | 2010/11/01 | ATF U/C West Jackson met with HLMC member Joey LYNCH at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  LYNCH stated that HLMC does not sell drugs and is not "a criminal organization". | Joey LYNCH | ATF E-000047 dated 11/01/2010 (Voice 21 @ 19:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

AUSA Guy Till      United States v. Askew, et al      12-cr-00010-MSK

Government's James Proffer, Parts I and II

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 86 | 64 | 2010/11/01 | ATF U/C West Jackson met with HLMC members Joey LYNCH and Michael DAVID at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO. LYNCH instructed DAVID to instruct SA Jackson as to how to behave like an HLMC "Prospect" and what items a prospect was required to maintain at all times, "lighter, pen, rubbers, pad (of paper) and beads." (Beads are given to females at the HLMC clubhouse who expose their breasts to HLMC members). | Michael DAVID | ATF E-000047 dated 11/01/2010 (Voice 21 @ 28:00) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 87 | 65 | 2010/11/01 | ATF U/C West Jackson attended a party at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  SA Jackson was asked to work the clubhouse bar.  SA Jackson was instructed to charge "$3 and $5" for alcoholic beverages to individuals at the clubhouse. | Michael DAVID | ATF E-000047 dated 11/01/2010 (Voice 21 @ 42:00) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 88 | 66 | 2010/11/01 | HLMC member Michael DAVID instructed ATF U/C West Jackson as to how to work the HLMC clubhouse bar.  DAVID instructed SA Jackson that HLMC "brothers" are to be served first for all alcohol and food orders. | Michael DAVID | ATF E-000047 dated 11/01/2010 (Voice 21 @ 46:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 89 | 67 | 2010/11/01 | ATF U/C West Jackson engaged HLMC Prospect member Michael DAVID in conversation during an HLMC party at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  SA Jackson asked about hosting parties, to which DAVID replied, "How much do you know?  'Cause I need to know how much you know so I don't say too much.  Because you're 'Crew.'" | Michael DAVID | ATF E-000047 dated 11/01/2010 (Voice 21 @ 52:16) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till                       United States v. Askew, et al                       12-cr-00010-MSK
                               Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 90 | 68 | 2010/11/01 | ATF U/C West Jackson met with HLMC member Lawrence IJAMES aka ENZO at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  IJAMES instructed SA Jackson about making money drops into the HLMC safe during the night.  IJAMES stated that all receipts need "two signatures" (signatures must be from HLMC members). | Lawrence IJAMES | ATF E-000047 dated 11/01/2010 (Voice 23 @ 8:00) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 91 | 69 | 2010/11/01 | HLMC member Lawrence IJAMES explained that the HLMC clubhouse bar is "a business" as he explained the pricing of alcoholic drinks charged by HLMC. | Lawrence IJAMES | ATF E-000047 dated 11/01/2010 (Voice 23 @ 14:15) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 92 | 70 | 2010/11/01 | HLMC member Lawrence IJAMES explained to the ATF U/C West Jackson about the structure of HLMC leadership.  IJAMES identified that Corey RILEY was the Regional Boss (President) of the Western Region and was "in charge of six clubhouses.  Of this region that is part of the United States."  IJAMES explained that Lawrence MARTIN was the Chapter President of the Colorado Chapter. | Lawrence IJAMES | ATF E-000047 dated 11/01/2010 (Voice 23 @ 34:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13-This statement does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 93 | 71 | 2010/11/01 | HLMC member Lawrence IJAMES related to ATF U/C West Jackson about how HLMC members travel in a "pack" across the United States on runs.  According to IJAMES, on one previous HLMC run, HLMC members "beat the fuck outta some motherfucker" who was not an HLMC member and was, therefore, not supposed to be attending the HLMC event.  IJAMES later indicated that the event occurred in Memphis, TN. | Lawrence IJAMES | ATF E-000047 dated 11/01/2010 (Voice 23 @ 37:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 94 | 72 | 2010/11/01 | ATF U/C West Jackson attended a party at the HLMC clubhouse.  After civilians were removed from the clubhouse, SA Jackson engaged HLMC "Property Of" (female associates of HLMC) in conversation. SA Jackson was interrupted by HLMC members asking for marijuana. | HLMC members | ATF E-000047 dated 11/01/2010 (Voice 23 @ 3:21:00) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 95 | 73 | 2010/11/01 | ATF U/C West Jackson attended a party at the HLMC clubhouse.  SA Jackson was approached by HLMC member Johnie MYERS aka BROTHER JOHN. MYERS asked SA Jackson how many "drops" were made that night.  SA Jackson responded, "six or seven" drops (typically around $100 are made per drop).  MYERS responded "good job". | Johnie MYERS [10] | ATF E-000047 dated 11/01/2010 (Voice 23 @ 3:37:20) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 96 | 74 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  The meeting was overseen by HLMC Vice-President Sheps KHAMSAHU who began the meeting by discussing HLMC membership "dues".  KHAMSAHU informed members that if they were "two months behind on their dues" that leadership would punish members | Sheps KHAMSAHU [7 | ATF E-000048 dated 11/12/2010 (111210.002 @1:02:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 97 | 75 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  The meeting was overseen by HLMC Vice-President Sheps KHAMSAHU who relayed information from a recent HLMC "Bosses Meeting" in which, according to KHAMSAHU, he and HLMC Colorado Chapter President Lawrence MARTIN were "called on the carpet for (member's) bullshit".  KHAMSAHU claims that he and MARTIN were each fined $500 by HLMC National leadership. | Sheps KHAMSAHU [7 | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:03:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

AUSA Guy Till                                    United States v. Askew, et al                                    12-cr-00010-MSK
                                          Government's James Proffer, Parts I and II

|   | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 98 | 76 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  The meeting was overseen by HLMC Vice-President Sheps KHAMSAHU.  KHAMSAHU instructed HLMC members that, "we are not to be going out".  KHAMSAHU later stated that he was "following orders" from HLMC National leadership.  This was related to violence between HLMC and a rival motorcycle organization. | Sheps KHAMSAHU [7 | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:12:15) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 99 | 77 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  During the meeting HLMC members discussed an incident in which an altercation between members of HLMC and the Wheels of Soul Motorcycle Club got into a fight and shots were fired between members of the clubs.  HLMC member Louis OSORIO aka RAMSEY stated that he was in the "middle of the shit" and that he participated in the violence. | Louis OSORIO | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:36:10) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 100 | 78 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  During the meeting HLMC member Louis OSORIO attempted to turn in his colors and leave the clubhouse.  HLMC member Jesse JONES aka JJ stopped OSORIO from leaving and stated that OSORIO needed his "ass whipped" | Jesse JONES | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:46:00) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 101 | 79 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  During the meeting HLMC members stated that they had fled the scene in which shots were fired between HLMC members and WOS members.  Louis OSORIO stated that he was "riding dirty".  HLMC member Jesse JONES stated that "I had a gun on my bike," and went on to state that "LIL JOHN (Gary HULL) was ridin' dirty, HYDE (Askia TOURE) was ridin' dirty". | Jesse JONES | ATF E-000048 dated 11/12/2010 (111210 @ 01:46:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 102 | 80 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  During the meeting HLMC member Louis OSORIO took off his colors and attempted to walk out of the club.  HLMC member Calvin RILEY aka BIG CAT ordered OSORIO to "put back on your colors" and stated "I've got your gun right here".  According to CI-66 RILEY exposed a firearm to OSORIO and other HLMC members. | Calvin RILEY [12] | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:46:17) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 103 | 81 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC member Calvin RILEY spoke up at the meeting and stated, "I ain't quit.  You motherfuckers ain't quittin' either..." and continued, "I don't give a fuck.  I'll put bullets in all you son of a bitches.  You all wanna quit?"  RILEY went on to state to other HLMC members, "There ain't no walking out of here.  You'll walk out dead.  And I mean that shit". | Calvin RILEY [12] | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:49:15) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till                    United States v. Askew, et al                    12-cr-00010-MSK
                                 Government's James Proffer, Parts I and II

|   | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 104 | 82 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC member Calvin RILEY asked Louis OSORIO, "You scared to go to jail?"  To which OSORIO responded that he was not. RILEY stated, "I'm in jail right now.  I've got a bracelet on my leg".  Calvin RILEY was referring to an "ankle bracelet" (GPS monitoring unit) used as part of his conviction in a previous court case. | Calvin RILEY [12] | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:50:20) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 105 | 83 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  After a fight between HLMC members had erupted and calmed down. HLMC Western Regional President Corey RILEY stated that he had just seen HLMC "Presidents and Vice-Presidents get their ass whupped up and down all weekend". | Corey RILEY [13] | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:51:20) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 106 | 84 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Western Regional President Corey RILEY called HLMC member Lawrence IJAMES to the front of the meeting and slapped him in the face for "talkin' to FACE (former HLMC member Derrick BROWN)".  Co. RILEY then threatened that if IJAMES did it again, he would "whip your (IJAMES's) ass good". | Corey RILEY [13] | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:51:50) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

AUSA Guy Till

United States v. Askew, et al

Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 107 | 85 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Chapter Vice-President Sheps KHAMSAHU instructed HLMC members, "You should be ridin' dirty (with a firearm)".   And instructed HLMC members to shoot back if they are threatened because it's "self defense.  The most you can get is a gun charge". | Sheps KHAMSAHU [7 | ATF E-000048 dated 11/12/2010 (111210.002 @ 01:58:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 108 | 86 | 2010/11/12 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Chapter Vice-President Sheps KHAMSAHU stated that HLMC members were not putting enough money into the club.  According to KHAMSAHU, HLMC treasurer Johnie MYERS has had to pay HLMC bills "out of his own pockets". | Sheps KHAMSAHU [7 | ATF E-000048 dated 11/12/2010 (111210.002) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 109 | 87 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  Prior to the commencement of the meeting, HLMC Chapter President Lawrence MARTIN went to HLMC members and collected dues, informing them whether they owed dues for any months prior to December. | Lawrence MARTIN [9 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 23:00) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

25

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 110 | 88 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  Prior to the commencement of the meeting, HLMC Chapter President Lawrence MARTIN asked HLMC who had been telling non-HLMC members that the HLMC clubhouse was going to move.  MARTIN claimed to have received nine phone calls asking if HLMC was leaving their clubhouse.  MARTIN instructed HLMC members, that "it's none of their fuckin' business" and warned HLMC members against talking about HLMC club business with non-members. | Lawrence MARTIN [9 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 54:20) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 111 | 89 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Chapter Vice-President Sheps KHAMSAHU presided over the meeting and gave instructions about an upcoming HLMC party to be held at the HLMC clubhouse.  When an HLMC member asked what the party "was for", KHAMSAHU responded that it was a "fuck party". | Sheps KHAMSAHU [9 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 01:03:00) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 112 | 90 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  An individual identified as Dominic LYNCH aka HERCULES stood up and introduced himself to the HLMC members.  KHAMSAHU later stated that the "new guy" was "filling out paperwork".  SAs know that new HLMC prospects are required to fill out a dossier with personal information. | Sheps KHAMSAHU [9 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 01:xx:xx) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

26

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 113 | 91 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Chapter President Lawrence MARTIN discussed that HLMC and the Wheels of Soul Motorcycle Club had agreed upon a truce.  RILEY stated, "They're not gonna fuck with our people and we're not gonna fuck with them". | Lawrence MARTIN [9 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 01:xx:xx) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 114 | 92 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Chapter Vice-President, referring to the truce between HLMC and WOS stated, "personally, I feel like we do need to pile up and go whip someone's ass."  And later continued, "If I keep being peaceful about everything, we might as well be a social club". | Sheps KHAMSAHU [7 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 01:40:45) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 115 | 93 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  During the meeting HLMC Chapter President Lawrence MARTIN stated that the Suns of Darkness Motorcycle Club had been given permission to wear a "Colorado" bottom rocker.  HLMC members stated that they should go and "take their shit off" (take their colors).  MARTIN responded, "We already got the Feds looking at us." And asked whether members wanted "to go to jail". | Lawrence MARTIN [9 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 01:36:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 116 | 94 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Chapter Vice-President referred to an incident in which HLMC members Romell BULLOCK and Solomon YOUNG were assaulted by members of the Wheels of Soul MC.  KHAMSAHU, stated, "Ain't none of them niggers been shot.  Ain't none of their cars have holes in it."  KHAMSAHU instructed HLMC members, "If you took action and handled shit" then other clubs would know what HLMC was capable of doing. | Sheps KHAMSAHU [7 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 01:48:45) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 117 | 95 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Chapter Vice-President Sheps KHAMSAHU, while discussing retaliation against other Outlaw Motorcycle Clubs stated, "As a club we're not gonna sit here and say A, B and C.  There's a leak up in this motherfucker... So until you all find a leak in your own club we're not gonna tell you what to do". | Sheps KHAMSAHU [7 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 01:49:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A. E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 118 | 96 | 2010/12/03 | ATF CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  HLMC Chapter Vice-President Sheps KHAMSAHU advised HLMC members that they could use force and indicated the use of lethal force to protect themselves and that "you can be a criminal" but that you are "protected under the law" if you are defending yourself.  KHAMSAHU went on to state, "You're outlaws!  Go to fuckin' jail".  And stated, "That's part of what we chose to do". | Sheps KHAMSAHU [7 | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 02:01:30) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

28

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 119 | 97 | 2010/12/03 | HLMC Chapter Vice-President stated that he "carr(ies) a strap twenty-four, seven" because "that's what I chose to do". | Sheps KHAMSAHU [7] | ATF E-000049 dated 12/03/2010 (HLMC.002 @ 02:02:45) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 120 | 98 | 2011/01/12 | CI-66 attended and recorded a meeting of HLMC members.  The meeting took place at the residence of HLMC member Joey LYNCH located at 4835 Tulsa Ct., Denver, CO.  During the meeting HLMC Chapter Vice-President informed members that dues were going to be raised from $50 to $100 per month in anticipation of the HLMC National Run being held in Colorado in 2011. | Sheps KHAMSAHU [7] | ATF E-000050 dated 01/12/2011 (788010_090036_ 01_12_11.002 @ 40:27) | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 121 | 99 | 2011/01/12 | CI-66 attended and recorded a meeting of HLMC members.  The meeting took place at the residence of HLMC member Joey LYNCH located at 4835 Tulsa Ct., Denver, CO.  Sheps KHAMSAHU instructed HLMC member Thomas SCHRAH to begin "taking minutes again".  SCHRAH is the HLMC Chapter Secretary. | Sheps KHAMSAHU [7] | ATF E-000050 dated 01/12/2011 @ 43:40 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 122 | 100 | 2011/01/12 | CI-66 attended and recorded a meeting of HLMC members.  The meeting took place at the residence of HLMC member Joey LYNCH located at 4835 Tulsa Ct., Denver, CO.  During the meeting HLMC Chapter Treasurer Johnie MYERS stated that he wanted to give a regular accounting of HLMC money to HLMC members and leadership and stated that he maintained receipts and a book.  HLMC member Louis OSORIO advised, "don't put it (the financial information) in the minutes". | Johnie MYERS [10] | ATF E-000050 dated 01/12/2011 @ 53:30 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

29

AUSA Guy Till                                    United States v. Askew, et al                                    12-cr-00010-MSK
                                            Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 123 | 101 | 2011/01/12 | CI-66 attended and recorded a meeting of HLMC members.  The meeting took place at the residence of HLMC member Joey LYNCH located at 4835 Tulsa Ct., Denver, CO.  HLMC Western Regional President Corey RILEY advised that National HLMC leadership wanted to "make sure there's bitches" at the 2011 HLMC National Run.  It was later stated that "they want to make sure that there's some white chicks and some Mexican chicks", and that "they want a variety". | Corey RILEY [13] | ATF E-000050 dated 01/12/2011 @ 58:00 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 124 | 102 | 2011/01/12 | CI-66 attended and recorded a meeting of HLMC members at the residence of Joey LYNCH located at 4835 Tulsa Ct., Denver, CO.  The meeting was run by HLMC Chapter Vice-President Sheps KHAMSAHU.  While discussing the 2011 HLMC National Run to be held in Denver, CO, KHAMSAHU advised HLMC members to find out how much various things would cost for the national run.  KHAMSAHU instructed members to "find out how much it will cost" and to contact HLMC member Johnie MYERS.  KHAMSAHU stated, "bitches are not included.  We're not payin' for no hoes up here in Colorado."  KHAMSAHU joked, "we're gonna tell them (females) to charge them $75 like they did us when we went up north". | Sheps KHAMSAHU [7 | 01/12/2011 @ 01:15:40 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 125 | 103 | 2011/01/12 | CI-66 attended and recorded a meeting of HLMC members at the residence of Joey LYNCH located at 4835 Tulsa Ct., Denver, CO.  During the meeting HLMC Chapter Vice-President Sheps KHAMSAHU began discussing HLMC member Odis JENKINS who had not been attending HLMC meetings or events.  KHAMSAHU stated, "if OJ doesn't get his ass beat..." and went on to state, "if Christened bros whipped his ass, all of us,  in unison, then he knows he can't cross Big Cat (Calvin RILEY)". | Sheps KHAMSAHU [7 | 01/12/2011 @ 01:49:30 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 126 | 104 | 2011/01/12 | CI-66 attended and recorded a meeting of HLMC members at the residence of Joey LYNCH located at 4835 Tulsa Ct., Denver, CO.  During the meeting HLMC Chapter Vice-President Sheps KHAMSAHU was asked about HLMC Prospect Tony OATS and whether he was still a member of HLMC.  KHAMSAHU responded, "he's a bad prospect", but later stated that OATS was still around because "he pays his dues, bottom line". | Sheps KHAMSAHU [7 | 01/12/2011 @ 01:09:00 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 127 | 105 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  HLMC member Louis OSORIO stood up during the meeting and stated that ATF agents had approached him at his job and asked questions about violence and firearms.  OSORIO was questioned as to why ATF had approached him.  HLMC member Sheps KHAMSAHU stated, "What I'm saying though, is all of us do shit.  Most of us" and later stated "I may be involved in a thing or two". | Sheps KHAMSAHU [7 | 02/18/2011 @ 30:00 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

United States v. Askew, et al
Government's James Proffer, Parts I and II

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 128 | 106 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  HLMC member Louis OSORIO stated that after being approached by ATF agents at his place of employment he contacted "Mike" (Denver Police Department Officer Mike Lemmons) about the incident.  According to OSORIO, Lemmons advised that it was either "a scare tactic" or "if they have someone in here (in the club)... working for them.  It's to divert the attention from them onto me". | Louis OSORIO | 02/18/2011 @ 30:45 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 129 | 107 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  While HLMC member Louis OSORIO was describing being approached by ATF agents, Chapter Vice-President Sheps KHAMSAHU interrupted stating, "as an organization they're fuckin' with us.  If they're fuckin' with RAMSEY (OSORIO) on a Tuesday, they're fuckin' with all of us on a Tuesday". | Sheps KHAMSAHU [7 | 02/18/2011 @ 35:39 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 130 | 108 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  HLMC members began discussing which HLMC member or former member could be providing information to law enforcement.  The name of "OUTLAW" (Samuel ROBINSON) was brought up as a possible "snitch" due to the fact that ROBINSON was in prison.  Sheps KHAMSAHU stated, "me and him did shit together." | Sheps KHAMSAHU [7 | 02/18/2011 @ 44:45 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 131 | 109 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  While attempting to determine the "snitch" within HLMC.  Sheps KHAMSAHU reiterated that ATF agents had mentioned "firearms and home invasions".  KHAMSAHU went on to state that, "there's one more of us that does that shit.  Okay." But went on to say, "What takes him out of the equation is that he (OSORIO) wasn't President when this person that does that home invasion thing was around." | Sheps KHAMSAHU [7] | 02/18/2011 @ 53:30 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 132 | 110 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  HLMC member Louis OSORIO stated, "I've haven't done any dirt (committed any crimes) in over a year". | Louis OSORIO | 02/18/2011 @ 01:06:30 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 133 | 111 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  HLMC members questioned why ATF agents would question Louis OSORIO about "home invasions".  HLMC members expressed, "that's what they were looking at "DIRTY" (HLMC member Christopher WILLIAMS) for, home invasions".  HLMC Western Regional President then stated, "now we got two motherfuckers, like we said, that do that type of shit". | Corey RILEY [13] | 02/18/2011 @ 01:15:00 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 134 | 112 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  HLMC members asked what they are going to do about the potential snitch within the club.  Corey RILEY responded, "Ain't nobody, individually, goin' around shootin' up nobody.  With their colors on.  That puts us in jeopardy."  RILEY went on to state, "we're not doing that kind of stuff, so there's nothing for us to do." | Corey RILEY [13] | 02/18/2011 @ 01:28:00 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 135 | 113 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  HLMC member Jody WALTON aka JW was brought up as having previously been in trouble with law enforcement.  It was stated, "he got busted with all this bullshit on him.  Cocaine.  Pounds of weed and shit.  And motherfuckers let him go?" | HLMC members | 02/18/2011 @ 01:30:15 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 136 | 114 | 2011/02/18 | CI-66 attended and recorded a meeting of HLMC members at the Ease On In Bar located at 4058 Fox St., Denver, CO.  HLMC Western Regional President Corey RILEY relayed a story about HLMC member Jody WALTON in which WALTON severely beat an unidentified individual at the HLMC clubhouse.  According to RILEY, WALTON was "gonna shoot him, but then he said, 'nah.  I'm just gonna beat his ass.'  He beat him.  It started with a pool stick first..." | Corey RILEY [13] | 02/18/2011 @ 01:32:10 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

34

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 137 | 115 | 2011/07/15 | CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  The meeting was run by HLMC Chapter Vice-President Sheps KHAMSAHU who advised HLMC members that law enforcement "raided" Corey RILEY's residence the day prior.  According to KHAMSAHU law enforcement officers indicated that it was related to firearms.  KHAMSAHU ordered HLMC members, "if you have your shit (firearms) dirty, might be a nice time to clean it up".  KHAMSAHU continued, "I'm not telling you what to do, but if you have some clean shit that you can have to replace your dirty shit then maybe this would be the time." | Sheps KHAMSAHU [7 | ATF E-000060 07/15/2011 @ 04:15 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D, E | 3, 4, 13, 14 | 13-This statement does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 138 | 116 | 2011/07/15 | CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  Corey RILEY addressed HLMC members about the execution of a search warrant at his residence on 07/14/2011.  According to RILEY he was in the basement of his residence when he heard a sound, "it sounded like someone was breaking in my fuckin' house.  Okay?"  RILEY continued, "I grabbed my pistol, I cock it.  I'm on my way up the stairs, I'm halfway up the stairs when I hear them coming through the kitchen.  And that's when I heard them say, 'Police'.  I turned around and went back down the stairs.  Put my pistol up and turned my lights off and came out and stood by my bar, 'cause I knew I had nowhere to go." | Corey RILEY | ATF E-000060 7/15/2011 @ 15:30 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C,D, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 139 | 117 | 2011/07/15 | CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  Corey RILEY stated that during the execution of a search warrant at a "detective" (ATF SA Jason Cole acting in a ruse capacity) informed RILEY that law enforcement was searching for firearms associated with shootings which had occurred between HLMC members and members of Wheels of Soul MC in the summer of 2010.  RILEY related that SA Cole stated, "we came here looking for weapons.  We knew nothing of the operation that you had going.  You were never on our radar..." | Corey RILEY [13] | ATF E-000060 07/15/2011 @ 21:30 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C,D, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 140 | 118 | 2011/07/15 | CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  RILEY stated that SA Cole asked how many firearms were in RILEY's residence at the time of the search warrant.  RILEY stated that he responded, "I got six of 'em.  And he said 'well we recovered ten of 'em'.  I said, 'Well, damn, I forgot about the other four'".  RILEY later stated, "I was playin' stupid.  I knew what I had up in there." | Corey RILEY [13] | ATF E-000060 07/15/2011 @ 23:00 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C,D, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 141 | 119 | 2011/07/15 | CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  Corey RILEY related that SA Cole had asked him, "what do you need all them weapons for?  And I said, 'Protection'." | Corey RILEY [13] | ATF E-000060 07/15/2011 @ 23:30 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C,D, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 142 | 120 | 2011/07/15 | CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  HLMC Vice-President Sheps KHAMSAHU discussed the Indictment of Wheels of Soul MC members which included information from WOS meetings.  KHAMSAHU described it as "disturbing" and stated, "I'm gonna be really frank.  It's hard to be a leader and say what you need to say when you can't say what you need to say." | Sheps KHAMSAHU [7 | ATF E-000060 07/15/2011 @ 34:40 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 143 | 121 | 2011/07/15 | CI-66 attended and recorded a meeting of HLMC members at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  During the meeting, HLMC leadership ordered all HLMC members to "change their numbers (cellular telephone numbers)".  Later Corey RILEY advised that, "if you go get one of them fuckin' phones pre-paid, they can't trace it.  There's not account." | Corey RILEY [13] | ATF E-000060 07/15/2011 @ 48:40 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 144 | 122 | 2011/07/15 | CI-143 recorded a meeting with members of HLMC at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  While meeting with members, HLMC member Jesse JONES told a story about having "a hundred and fifty pounds of weed" when "the cops rolled up on my place".  JONES later stated that officers were looking for a different residence and did not enter into his residence. | Jesse JONES | ATF E-000061 07/15/2011 @ 55:20 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 145 | 123 | 2011/07/15 | CI-143 recorded a meeting with members of HLMC at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  While meeting with HLMC members, Jesse JONES, Joe KNIGHT and George GADDY discussed drug use and flushing drugs down the toilet to avoid law enforcement.  "As long as I was in there to... that one flush.  Then fuck 'em". | HLMC members | ATF E-000061 07/15/2011 @ 55:45 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 146 | 124 | 2011/07/15 | CI-143 recorded a meeting with members of HLMC at the HLMC clubhouse located at 4100 Garfield St., Denver, CO.  HLMC member Joe KNIGHT, while discussing drugs stated, "I had so many bitches I used to bring down to the club.  So many bitches wanted to get outta me.  Nigger.  You know, comes money comes power man.  I just take them bitches down to the clubhouse and, 'Hey man, you gonna fuck him.  You gonna fuck him.  You gonna fuck him.'  Because then they think they gonna fuck me later on."  He later clarified that he had been working as a "pimp". | Joe KNIGHT | ATF E-000061 07/15/2011 @ 56:00 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A | 3, 13, | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 147 | 125 | 2009/01/05 | ATF SA Jason Cole and SA Jeff Russell met with and debriefed HLMC member CI-40.  The CI described that the Hell's Lovers Motorcycle Club is a national Outlaw Motorcycle Gang with chapters across the United States and led by National, Regional and Chapter Presidents as well as by a National Board. | CI-40 | ATF Report of Investigation 004 dated 01/05/2009 | Background statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 148 | 126 | 2009/01/05 | ATF SA Jason Cole and SA Jeff Russell met with and debriefed HLMC member CI-40.  The CI stated that HLMC members are required to pay membership dues of $50 per month to their respective chapter and $30 every three months to go the HLMC National account.  Johnie MYERS was the HLMC Treasurer and was responsible for HLMC finances. | Johnie MYERS [10] | ATF Report of Investigation 004 dated 01/05/2009 | Background statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 149 | 127 | 2009/07/19 | HLMC member Jody WALTON fronted CI-40 ten small plastic baggies of powder cocaine.  WALTON instructed the CI to sell the contents of each baggie for $30 to $40  and further instructed the CI to pay $300 for the full amount of cocaine at a later time. | Jody WALTON | ATF Report of Investigation 077 dated 07/19/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Event in furtherance of Conspiracy: C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 150 | 128 | 2009/07/22 | CI-40 met with HLMC female associate Tina GLOVER and paid $300 for the cocaine fronted by HLMC member Jody WALTON.  The CI engaged GLOVER in conversation relating to cocaine.  GLOVER stated that she distributes cocaine for WALTON.  GLOVER later discussed cocaine dealing by HLMC member Calvin RILEY, GLOVER described that RILEY's cocaine is poor quality due to the fact that RILEY "steps on it too much" and that WALTON does not "step on it". | Tina GLOVER | ATF Report of Investigation 080 dated 07/22/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 151 | 129 | 2009/07/30 | CI-40 traveled to Colorado Springs, CO and met with HLMC member Jody WALTON.  During the meeting, the CI and WALTON discussed problems that HLMC has had with other Outlaw Motorcycle Gangs in Colorado historically.  Specifically, WALTON described that HLMC had an issue with the Sons of Silence MC, "until I blew up their clubhouse."  WALTON described that he was former military and had knowledge of explosives and stated, "I've still got some shit". | Jody WALTON | ATF Report of Investigation 084 dated 07/30/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: B, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

39

AUSA Guy Till                                             United States v. Askew, et al                                             12-cr-00010-MSK
                                                   Government's James Proffer, Parts I and II

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 152 | 130 | 2009/08/21 | CI-58 met with HLMC members Odis JENKINS and Lawrence MARTIN at the HLMC clubhouse. During this meeting the CI described that MARTIN requested that the CI assist in retrieving a motorcycle which had been pawned by a former HLMC member, Derrick BROWN. The CI stated that assistance would cost MARTIN three ounces of cocaine. According to the CI, MARTIN agreed and stated that he would get the CI all the cocaine the CI wanted in exchange for help. | Lawrence MARTIN [9] | ATF Report of Investigation 087 dated 08/21/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 153 | 131 | 2009/08/29 | CI-58 attended a party at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO. During the course of the night, the CI observed a cocaine transaction in the clubhouse between HLMC member Calvin RILEY and an unidentified male. | Calvin RILEY [12] | ATF Report of Investigation dated 08/29/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This is an event not a statement and should not come in under the exception |
| 154 | 132 | 2009/09/08 | CI-58 placed a telephone call to HLMC Chapter President Lawrence MARTIN which was overheard by ATF SA Jason Cole and SA Jeffrey Russell. During the conversation the CI mentioned that he was going to purchase cocaine from HLMC member Odis JENKINS. MARTIN replied, "Good, run it through him (JENKINS)" and instructed the CI, "only deal with my people (HLMC members)". | Lawrence MARTIN [9] | ATF Report of Investigation dated 09/08/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 155 | 133 | 2009/11/04 | CI-73 met with and debriefed with ATF SA Jason Cole and SA Jeffrey Russell. According to the CI, the CI began buying cocaine from HLMC member Calvin RILEY in approximately 2006. The CI was previously sourced by an unidentified Hispanic male. RILEY instructed the CI, "Just buy it off of me". | Calvin RILEY [12] | ATF Report of Investigation 108 dated 11/04/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 156 | 134 | 2009/11/04 | CI-73 met with and debriefed with ATF SA Jason Cole and SA Jeffrey Russell.  The CI admitted to buying cocaine from HLMC member Louis OSORIO for between $700 and $900 per ounce. Additionally, the CI admitted to having been directed to the HLMC clubhouse and having purchased cocaine from OSORIO at the clubhouse (located at 835 E 50th Ave., Denver, CO) "on a handful of occasions". | Louis OSORIO | ATF Report of Investigation 108 dated 11/04/2009 | **Event in furtherance of Conspiracy: A, C** | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 157 | 135 | 2009/11/04 | CI-73 met with and debriefed with ATF SA Jason Cole and SA Jeffrey Russell.  The CI stated that during the time that the CI was purchasing cocaine from HLMC Chapter President Louis OSORIO, the CI was directed "on a couple of occasions" to meet with HLMC member Sheps KHAMSAHU in order to purchase cocaine.  The CI inquired whether KHAMSAHU could begin sourcing the CI (as KHAMSAHU charged less than OSORIO). KHAMSAHU replied that he had been ordered by OSORIO "not to deal with (the CI)". | Sheps KHAMSAHU [7 | ATF Report of Investigation 108 dated 11/04/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 158 | 136 | 2009/11/09 | ATF SA Jason Cole met with CI-66 who had attended a meeting of Christened members of HLMC at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  According to the CI, HLMC members had been invited to a party at the clubhouse of another Outlaw Motorcycle Gang.  It was expected by HLMC members that violence between HLMC members and members of the Wheels Of Soul MC might occur at the event.  KHAMSAHU instructed all HLMC members to take and carry firearms to the event. | Sheps KHAMSAHU [7 | ATF Report of Investigation 110 dated 11/09/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy:  A, B, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

41

AUSA Guy Till                                    United States v. Askew, et al                                    12-cr-00010-MSK
                                           Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 159 | 137 | 2009/12/01 | ATF CI-58 met with HLMC member Odis JENKINS in order to purchase two ounces of cocaine.  During the meeting JENKINS expressed to the CI that JENKINS was upset with HLMC.  JENKINS stated that he has given "four years of his life to the club (HLMC)" and that HLMC has not provided him with anything.  JENKINS indicated that several members of HLMC have "distribution rings" and would not allow JENKINS to "get a piece". | Odis JENKINS | ATF Report of Investigation 115 dated 12/01/2009 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 160 | 138 | 2010/02/12 | CI-66 met with ATF SA Jason Cole.  The CI stated that HLMC member Calvin RILEY had recently been released from jail and had been associating with HLMC members.  SA Cole asked whether RILEY was prohibited by the conditions of his release from associating with HLMC members.  According to the CI, RILEY had informed HLMC members he "could not be seen or photographed with the club (HLMC) or (he'd) be fucked". | Calvin RILEY [12] | ATF Report of Investigation 125 dated 02/12/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 161 | 139 | 2010/03/10 | ATF SA Jason Cole and SA Jeffrey Russell met with CI-66.  The CI provided information about a meeting of HLMC members which took place at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  According to the CI, HLMC member Odis JENKINS attended the meeting.  The CI stated that JENKINS had previously turned in his colors but wanted to join HLMC again.  The CI stated that after JENKINS had addressed HLMC members at the meeting HLMC Chapter Vice-President stood up and told JENKINS that JENKINS could not leave the clubhouse without "getting his ass kicked".  The CI stated that HLMC members then assaulted JENKINS. | Sheps KHAMSAHU [7 | ATF Report of Investigation 129 dated 03/10/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 162 | 140 | 2010/04/12 | ATF SA Jason Cole met with and interviewed CI-66. CI-66 described an incident which had occurred in Chicago, IL in which several members of HLMC had been involved in a shooting with members of the Wheels Of Soul MC.  According to the CI (and later confirmed by SAs) four members of HLMC had been critically injured by gun shots.  The CI stated that during a meeting of Christened members of HLMC, Chapter Vice-President Sheps KHAMSAHU talked about the event and ordered HLMC members to "always" have their firearms, but warned members, "Don't shoot first". | Sheps KHAMSAHU [7 | ATF Report of Investigation 133 dated 04/12/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 163 | 141 | 2010/05/21 | ATF UC West Jackson attended a party at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO. During the event, SA Jackson spoke to HLMC Chapter President Lawrence MARTIN aka TANK. MARTIN asked SA Jackson to join HLMC and stated that police do not bother HLMC and do not go to the HLMC clubhouse.  MARTIN further stated that if HLMC had a problem in the club that they would handle it not the police. | Lawrence MARTIN [9 | ATF Report of Investigation 144 dated 05/21/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till                                   United States v. Askew, et al                                   12-cr-00010-MSK
                                          Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 164 | 142 | 2010/06/02 | ATF SA Jason Cole met with and interviewed CI-66 about the 2010 HLMC National run which had taken place in Memphis, TN between the dates of 05/27 and 06/01/2010.  The CI stated that during the HLMC Christened members meeting HLMC National President James LEE address tensions and repeated acts of violence between HLMC members and members of the Wheels Of Soul MC across the United States.  The CI described that LEE stated, "I can't tell you to kill a motherfucker.  Or tell you to send someone to kill a motherfucker.  That's a Conspiracy.  But carry your guns and handle your business." | James LEE | ATF Report of Investigation 147 dated 06/02/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: B, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 165 | 143 | 2010/07/18 | ATF UC West Jackson attended a party at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  SA Jackson observed that many individuals were smoking marijuana and that a "stripper" was present at the clubhouse.  SA Jackson was approached by HLMC Western Regional President Corey RILEY who encouraged SA Jackson to have sex with the stripper or to let the stripper perform oral sex on SA Jackson. | Corey RILEY [13] | ATF Report of Investigation 149 dated 07/18/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B | 3, 4, 13, 14 | 13-this statement should not come in under the exception as it is alleged to have been made by this defendant |
| 166 | 144 | 2010/08/14 | ATF UC West Jackson attended a part at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  SA Jackson was given "Lovers Crew" (HLMC support club) patches by HLMC member Jesse JONES and HLMC Chapter President Lawrence MARTIN.  MARTIN advised SA Jackson that because SA Jackson was not an HLMC Probationary member that MARTIN would not require SA Jackson to perform any robberies. | Lawrence MARTIN [9 | ATF Report of Investigation 157 dated 08/14/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 167 | 145 | 2010/09/06 | ATF SA Jason Cole met with ATF CI-66. The CI described that two HLMC members had been assaulted by members of the Wheels Of Soul MC. The CI stated that HLMC members were angry about the incident and had expressed a desire to "Kill those fuckers". | HLMC members | ATF Report of Investigation 159 dated 09/06/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 168 | 146 | 2010/09/11 | ATF UC West Jackson attended a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  During the meeting HLMC Chapter Vice-President Sheps KHAMSAHU instructed SA Jackson to give a personal background and answer questions by HLMC members. KHAMSAHU asked, "Are you a cop?" to which SA Jackson replied, "No". | Sheps KHAMSAHU [7 | ATF Report of Investigation 161 dated 09/11/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 169 | 147 | 2010/09/11 | ATF UC West Jackson attended a meeting of HLMC members at the HLMC clubhouse located at 835 E 50th Ave., Denver, CO.  Following the HLMC members meeting SA Jackson was approached by HLMC members Joe KNIGHT and George GADDY. KNIGHT stated to SA Jackson that in order to prove that SA Jackson was not a police officer, that SA Jackson would have to smoke some weed, do some cocaine or perform oral sex on a female. | Joe KNIGHT | ATF Report of Investigation 161 dated 09/11/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 170 | 148 | 2010/10/29 | ATF UC West Jackson met with HLMC member Darrell PARKER and inquired about purchasing a firearm.  PARKER agreed to arrange a purchase of a firearm for SA Jackson but advised that SA Jackson not to get caught with a gun, because he (SA Jackson) could get ten years for being a convicted felon. | Darrell PARKER [11] | ATF Report of Investigation 163 dated 10/29/2010 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

45

AUSA Guy Till    United States v. Askew, et al    12-cr-00010-MSK
Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 171 | 149 | 2011/02/14 | ATF SA Jason Cole and SA Mark Feltz met with and debriefed CI-143 (a member of HLMC Colorado Chapter).  The CI admitted to having trafficked cocaine and stated that HLMC members Sheps KHAMSAHU and Corey RILEY had taught the CI about buying and selling cocaine, explaining weights and pricing for cocaine distribution.  The CI described purchasing cocaine primarily from KHAMSAHU due to the fact that RILEY's prices were too high due to the cocaine being  very high quality. | Sheps KHAMSAHU [7] and Corey RILEY [13] | ATF Report of Investigation 168 dated 02/14/2011 | **Event in furtherance of Conspiracy: C** | 3, 4, 13, 14 | 13-no statement has been identified and therefore the information provided should not come in under the exception |
| 172 | 150 | 2011/03/28 | ATF CI-143 attended a meeting of HLMC members which was led by HLMC National President James LEE.  During the meeting LEE was upset about the way that HLMC Colorado Chapter members had responded to repeated violent acts by Wheels Of Soul MC members.  HLMC Chapter President Lawrence MARTIN questioned LEE how the situation should have been handled, to which LEE responded, "You want me to give you the word? The Feds are tapping my phone.  You want me to call you and 'Give you the word'?"  LEE later instructed MARTIN to "take care of it". | James LEE | ATF Report of Investigation 172 dated 03/28/2011 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, B, C, D, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

United States v. Askew, et al
Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 173 | 151 | 2011/06/24 | ATF CI-66 provided information to ATF SA Jason Cole relating to the HLMC clubhouse.  The CI stated that HLMC members had moved into a clubhouse located at 3655 Brighton Blvd., Denver, CO.  However, the CI stated that HLMC was asked to leave the location and were "let out of their lease" by the property manager.  According to the CI, the Property manager runs a children's daycare center in the same complex and was unhappy with HLMC members being present during the day and smoking marijuana near the daycare. | Property Manager for 3655 Brighton Blvd., Denver, CO | ATF Report of Investigation 183 dated 06/24/2011 | **Event in furtherance of Conspiracy: A** | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 174 | 152 | 2011/07/14 | ATF Special Agents along with the Denver Police Department Metro SWAT executed a Federal Search Warrant at 2331 Pontiac St., Denver, CO, the residence of HLMC Western Regional President Corey RILEY.  RILEY was present at the location at the time of the execution and was interviewed by SA Jason Cole. SA Cole inquired as to why RILEY possessed so many firearms in his residence (nine firearms were recovered) to which RILEY responded that he needed them "for protection". | Corey RILEY [13] | ATF Report of Investigation 184 dated 07/14/2012 | 804(3) Statement against interest. Statement in furtherance of Conspiracy: B, C | 3, 4, 13, 14 | 13 - the Defendant has seperately moved to suppress this statement and incorporates those arguments as if fully stated herein. |
| 175 | 153 | 2011/08/23 | ATF SA Jason Cole and SA Mark Feltz met and interviewed CI-111 about the organization and structure of HLMC.  During the meeting SAs asked about the use of drugs at the clubhouse.  The CI stated that there was "always dope at the clubhouse".  The CI specified that marijuana and cocaine were the most prevalent drugs used at the HLMC clubhouse. | CI-111 | ATF Report of Investigation dated 08/23/2011 | **Events in furtherance of Conspiracy:  A, C** | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 176 | 154 | 2011/08/23 | ATF SA Jason Cole and SA Mark Feltz met and interviewed CI-111 about the organization and structure of HLMC.  During the interview SAs asked the CI about HLMC Western Regional President Corey RILEY.  SAs inquired whether it was common knowledge among HLMC members that RILEY dealt cocaine.  The CI responded that "everyone knows what Corey does". | Corey RILEY [13] | ATF Report of Investigation dated 08/23/2011 | **Event in furtherance of Conspiracy:  C** | 3, 4, 13, 14 | 13-This statement does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 177 | 155 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Mark Feltz and Arvada PD Det. Mike Roemer interviewed HLMC member Dennis KNIGHT.  KNIGHT stated that he has seen individuals "smoking weed" at the HLMC clubhouse. | Dennis KNIGHT | ATF Report of Investigation 218 dated 01/20/2012 | 804(3) statement against interest.  Statement in furtherance of Conspiracy: A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 178 | 156 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Mark Feltz and Arvada PD Det. Mike Roemer interviewed HLMC member Solomon YOUNG.  During the interview YOUNG stated that he thought that the actions taken by law enforcement at the HLMC clubhouse were "bullshit" because HLMC doesn't "conduct ourselves as a criminal enterprise". | Solomon YOUNG | ATF Report of Investigation 219 dated 01/20/2012 | **Event in furtherance of Conspiracy:  A** | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 179 | 157 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Mark Feltz and Arvada PD Det. Mike Roemer interviewed HLMC member Solomon YOUNG.  YOUNG stated that many people "smoked weed" at the HLMC clubhouse, but that "most" had a license. | Solomon YOUNG | ATF Report of Investigation 219 dated 01/20/2012 | 804(3) Statement against interest.  Event in furtherance of Conspiracy A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 180 | 158 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Mark Feltz and Arvada PD Det. Mike Roemer interviewed HLMC member Billy SCOTT.  SCOTT was asked about drug use at the HLMC clubhouse.  SCOTT denied seeing cocaine used at the clubhouse but stated that that many people smoke marijuana.  When asked to identify members that smoked marijuana, SCOTT stated that "it would be easier to tell you who doesn't". | Billy SCOTT | ATF Report of Investigation 220 dated 01/20/2012 | 804(3) Statement against interest.  Event in furtherance of Conspiracy A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 181 | 160 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Jason Cole and Arvada PD Det. James Dixon interviewed HLMC member Jesse JONES.  When asked about drug use at the clubhouse, JONES stated that cocaine was not allowed at the clubhouse and stated that several HLMC Prospects had been removed from HLMC several years prior for selling cocaine at the HLMC clubhouse.  JONES described that "lots of medical marijuana" was used at the clubhouse. | Jesse JONES | ATF Report of Investigation 229 dated 01/20/2012 | 804(3) Statement against interest.  Event in furtherance of Conspiracy A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 182 | 161 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Jason Cole and Arvada PD Det. James Dixon interviewed HLMC member Patrick TRUJILLO. TRUJILLO was asked about drug distribution at the HLMC clubhouse. TRUJILLO identified that an individual by the name of Robert VALDEZ used to sell cocaine at the HLMC clubhouse (located at 835 E 50th Ave., Denver, CO). (It should be noted that VALDEZ passed away in approximately 2009. | Patrick TRUJILLO | ATF Report of Investigation 231 dated 01/20/2012 | 804(3) Statement against interest. Event in furtherance of Conspiracy A | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in this alleged conspiracy. |
| 183 | 162 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Jason Cole and Arvada PD Det. James Dixon interviewed HLMC member Patrick TRUJILLO. TRUJILLO was asked about drug use at the HLMC clubhouse. TRUJILLO stated that "everybody" at the clubhouse brings and smokes "weed". Additionally, TRUJILLO stated that individuals typically brought their own cocaine for "personal" use. TRUJILLO admitted that on occasion a "community" amount of cocaine would be put out at the clubhouse for consumption by multiple individuals. | Patrick TRUJILLO | ATF Report of Investigation 231 dated 01/20/2012 | 804(3) Statement against interest. Event in furtherance of Conspiracy A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

United States v. Askew, et al
Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 184 | 163 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Jason Cole and Arvada PD Det. James Dixon interviewed HLMC member Richard JOHNSON.  SA Cole asked JOHNSON about a .22 caliber firearm which had been found in the HLMC clubhouse.  JOHNSON had been apprehended with nine rounds of .22 caliber ammunition on his person.  JOHNSON identified himself as the HLMC "Enforcer" and stated that the .22 caliber revolver was a "club gun" which was kept behind the "DJ" booth at the clubhouse. | Richard JOHNSON [6] | ATF Report of Investigation 233 dated 01/20/2012 | 804(3) Statement against interest.  Event in furtherance of Conspiracy A, B, C, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 185 | 164 | 2012/01/20 | During the execution of a Federal Search Warrant at the HLMC clubhouse located at 4100 Garfield St., Denver, CO, ATF SA Jason Cole and Arvada PD Det. James Dixon interviewed HLMC member Richard JOHNSON.  When asked about drug use at the HLMC clubhouse JOHNSON stated that "lots of people smoke weed".  JOHNSON later stated that he has previously seen individuals "do lines" (ingest cocaine). | Richard JOHNSON [6] | ATF Report of Investigation 233 dated 01/20/2012 | 804(3) Statement against interest.  Event in furtherance of Conspiracy A, B, C, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 186 | 165 | 2012/01/30 | ATF SA Jason Cole and SA Mark Feltz met with and interviewed HLMC member Sheps KHAMSAHU.  During the interview SAs inquired about firearms possession among HLMC members.  KHAMSAHU stated that "everybody has a gun" and later stated that HLMC members often borrow and hand-off firearms to other HLMC members.  KHAMSAHU has previously instructed HLMC members to "be prepared" (have a firearm available). | Sheps KHAMSAHU [7] | ATF Report of Investigation 236 dated 01/30/2012 | 804(3) Statement against interest.  Event in furtherance of Conspiracy A, B, C, D | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till                                    United States v. Askew, et al                                    12-cr-00010-MSK
                                            Government's James Proffer, Parts I and II

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 187 | 166 | 2012/01/31 | ATF SA Jason Cole and SA Mark Feltz met with and interviewed HLMC member George GADDY. During the interview GADDY stated that he and other HLMC members often smoked marijuana at the HLMC clubhouse. GADDY stated that HLMC members "share" their marijuana with others and specified that he would only share with HLMC member Jesse JONES. | George GADDY [4] | ATF Report of Investigation 238 dated 01/31/2012 | 804(3) Statement against interest. Event in furtherance of Conspiracy A, C | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |
| 188 | 167 | 2012/03/06 | ATF SA Jason Cole and SA Mark Feltz met with and interviewed HLMC member Romell BULLOCK. During the interview SAs discussed with BULLOCK the Federal Search Warrant executed at the residence of Corey RILEY on 07/14/2011. BULLOCK stated that he had "heard whispers here and there" about RILEY trafficking cocaine and other drugs. BULLOCK stated that he conversed with RILEY after the warrant and asked whether the police "got a lot of shit". RILEY responded, "They got enough". | Romell BULLOCK [2] | ATF Report of Investigation 241 dated 03/06/2012 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time. See 801(a)(2)(E); 804(3) Statement against interest. Statements/events in furtherance of Conspiracy: C | 3, 4, 13, 14 | 13-the statement by Bullock should not come in as it does not demonstarte a likelihood that this defendant is involved in this alleged conspiracy and the second statement should not come in under the exception as it is alleged to have been made by this defendant |
| 189 | 168 | 2012/04/09 | ATF SA Jason Cole interviewed CI-66. The CI stated that HLMC members Marvin NAPUE and Gary HULL had ordered HLMC members Lawrence IJAMES and Kirk JONES to "turn in their colors" (three piece patches which identify Outlaw Motorcycle Gangs) and to have their HLMC tattoos covered up. According to the CI, these individuals were suspected of being "snitches". | Marvin NAPUE and Gary HULL | ATF Report of Investigation 245 dated 04/09/2012 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.  See 802(d)(2)(E). Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

AUSA Guy Till

United States v. Askew, et al
Government's James Proffer, Parts I and II

12-cr-00010-MSK

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Event Statement | Date | Statement/Event | Declarant | Source | Basis For Admission | Defendant | *Objection* |
| 190 | 169 | 2012/02/17 | ATF SA Jason Cole and SA Mark Feltz met with and debriefed HLMC member Joey LYNCH. SAs asked LYNCH whether HLMC Prospects and Probationary members were ever asked or expected to perform illegal acts for HLMC. LYNCH stated that HLMC member Calvin RILEY would often say that HLMC members could not "trust a motherfucker until he does dope with you". | Calvin RILEY [12] | ATF Report of Investigation 247 dated 02/17/2012 | Shows existence of ongoing common venture including a group of people associated for comon purpose of engaging in a course of conduct over a period of time.   See 802(d)(2)(E).  Statement/event in furtherance of Conspiracy: A, C, E | 3, 4, 13, 14 | 13 - This statement was neither made by nor about this defendant and does not demonstrate a likelihood that this defendant is involved in these alleged conspiracies. |

53