IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
**3.  GREGORY A. COLLINS,**
**4.  GEORGE A. GADDY,**
5.  DELBERT J. GARDNER,
6.  RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
**8.  ERIC LUGO,**
9.  LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
**13.  COREY L. RILEY,**
**14.  THOMAS A. SCHRAH, JR.,**
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

        Defendants.

_____

### SECOND SUPERCEDING INDICTMENT

**Using and Maintaining Drug-Involved Premises**
(21 U.S.C. § 856(a)(1) and (2) and (b))
**Conspiracy to Use and Maintain Drug-Involved Premises**
(21 U.S.C. §§ 846 and 856(a)(1) and (2) and (b))
**Possession with Intent to Distribute Cocaine**
(21 U.S.C. § 841(a)(1) and (b)(1)(A),(B), and (C))
**Conspiracy to Distribute Cocaine**
(21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A),(B), and (C))
**Prohibited Person in Possession of Firearm and Ammunition**
(18 U.S.C. §§ 922(g)(1) and (3) and 924(a)(2))
**Conspiracy for Prohibited Person to Possess a Firearm and Ammunition**

1

(18 U.S.C. §§ 371 and 922(g)(1) and (3))
**Possession of Firearm in Furtherance of Controlled Substances Act Felony Offense**
(18 U.S.C. § 924(c))
**Conspiracy to Possess Firearm During and In Relation to Controlled Substances Act Felony Offense**
(18 U.S.C. § 924(o))
**Possession with Intent to Distribute Marijuana**
(21 U.S.C. § 841(a)(1) and (b)(1)(D))
**Misprision of Felony**
(18 U.S.C. § 4)
**Conspiracy to Commit Misprision of Felony**
(18 U.S.C. §§ 371 and 4).
**Aiding and Abetting**
(18 U.S.C. § 2)

___

The Grand Jury Charges:

# COUNT ONE
**Using and Maintaining Drug-Involved Premises**
21 U.S.C. § 856(a)(1) and (2) and (b)
**Aiding and Abetting**
18 U.S.C. § 2

On or about July 15, 2011, within the State and District of Colorado, the defendants,

    3.  **GREGORY A. COLLINS,**
    4.  **GEORGE A. GADDY,**
   13.  **COREY L. RILEY, and**
   14.  **THOMAS A. SCHRAH, JR.,**

knowingly used and maintained a place, to wit: premises informally known as the Colorado Chapter of the Hell's Lovers Motorcycle Club (HLMC) clubhouse, for the purpose of using and distributing quantities of a substance and mixture containing a detectable amount of Marijuana, a Schedule I controlled substance, and using and distributing quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and intentionally aided and abetted another to maintain and use said premises for the purposes of using and distributing Schedule I and a

Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 856(a)(1) and (2) and (b), Maintaining drug-involved premises, and Title 18, United States Code, Section 2, causing, aiding and abetting another to do so.

## COUNT TWO
### Conspiracy to Use and Maintain Drug-Involved Premises
21 U.S.C. §§ 846 and 856(a)(1) and (2) and (b)

Between on or about January 1, 2005, and on or about January 20, 2012, within the State and District of Colorado, the defendants,

> 3. **GREGORY A. COLLINS,**
> 4. **GEORGE A. GADDY,**
> 13. **COREY L. RILEY, and**
> 14. **THOMAS A. SCHRAH, JR.,**

knowingly agreed with one another and with others, to the Grand Jury known and unknown, to maintain a place, to wit: premises informally known as the Colorado chapter of the Hell's Lovers Motorcycle Club (HLMC) clubhouse, and knowingly and intentionally make it available for the purpose of using and distributing quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and using and distributing quantities of a substance and mixture containing a detectable amount of Marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 856(a)(1) and (2) and (b), and *Pinkerton v. United States*, 328 U.S. 640 (1946)(*Pinkerton* liability for the reasonably foreseeable conduct of co-conspirators), Conspiracy to use and maintain drug-involved premises.

# COUNT THREE
**Possession of Firearm in Furtherance of Controlled Substances Act Felony Offense**
18 U.S.C. § 924(c)

On or about January 20, 2012, within the State and District of Colorado, Richard W. Johnson knowingly possessed a firearm in furtherance of a Controlled Substances Act felony offense for which he could be prosecuted in a court of the United States, to wit: conspiracy knowingly to use and maintain a drug involved premises (the Colorado chapter HLMC Clubhouse) in violation of Title 21 U.S.C. §§ 846 and 856 (a)(1) and (2) and (b)(1), and further as to defendants,

> 3. **GREGORY A. COLLINS,**
> 4. **GEORGE A. GADDY,**
> 13. **COREY L. RILEY, and**
> 14. **THOMAS A. SCHRAH, JR.,**

said Richard W. Johnson and said defendants then being knowing and willful participants in the conspiracy to use and maintain a drug involved premises (the Colorado Chapter HLMC Clubhouse), as charged above in Count Two, it was reasonably foreseeable that said Richard W. Johnson would knowingly possess a firearm at the HLMC Clubhouse in furtherance of the conspiracy to use and maintain said drug involved premises.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(I), Possessing a firearm in furtherance of Controlled Substances Act felony offense, and *Pinkerton v. United States*, 328 U.S. 640 (1946)(*Pinkerton* liability for the reasonably foreseeable conduct of co-conspirators).

## COUNT FOUR
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1) and 924(a)(2)

On or about September 11, 2010, within the State and District of Colorado, the defendant,

**4.  GEORGE A. GADDY,**

knowingly possessed a firearm, to wit: a .22 caliber revolver, which had been transported in interstate commerce, having been convicted previously, on or about February 8, 1990, in Denver District Court, of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), Possession of Weapon by Prohibited Person.

## COUNT FIVE
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about 2008, within the State and District of Colorado, the defendant,

**4.  GEORGE A. GADDY,**

knowingly possessed a firearm, to wit: a .38 caliber Derringer, which had been transported in interstate commerce, having been convicted previously, on or about February 8, 1990, in Denver District Court, of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2, Possession of Weapon by Prohibited Person.

**COUNT SIX**
**Conspiracy for Prohibited Person to Possess Firearm and Ammunition**
(18 U.S.C. §§ 371 and 922(g)(1) and (3))

From or about July 15, 2011, continuing through on or about January 20, 2012, within the State and District of Colorado, the defendants,

    3.  **GREGORY A. COLLINS,**
    4.  **GEORGE A. GADDY,**
    13.  **COREY L. RILEY, and**
    14.  **THOMAS A. SCHRAH, JR.,**

agreed with one another and with other persons to the Grand Jury known and unknown, that one and more members and associates of the Colorado Chapter of the Hell's Lovers Motorcycle Club (HLMC) would have joint and individual, actual and constructive, custody and control during HLMC functions and at the HLMC clubhouse over firearms and ammunition which had moved in and affecting interstate commerce despite the fact that such members and associates were prohibited persons because of being an unlawful user of a controlled substance, to wit: Marijuana and cocaine, and having previously been convicted of a crime punishable by a period of imprisonment greater than one year. The list of such prohibited persons included: Romell Bullock, George Gaddy, Darell Parker, James Switzer, Sheps Khamsahu, Joe Lynch, Calvin Riley, Corey Riley, Richard Johnson, and Lawrence Martin. During the period described, HLMC members and associates possessed firearms and ammunition, including HLMC clubhouse firearms, other firearms recovered at the HLMC clubhouse on January 20, 2012, and ammunition which had moved in and affecting interstate commerce.

All in violation of Title 18, United States Code, Sections 371 and 922(g)(1) and (3), Conspiracy for Prohibited Person to Possess a Firearm and Ammunition.

## COUNT SEVEN
### Conspiracy to Possess a Firearm During and In Relation
### to a Controlled Substances Act Felony Offense
(18 U.S.C. § 924(o))

Between on or about July 15, 2008, through on or about January 20, 2012, within the State and District of Colorado, the defendants,

>   3.  **GREGORY A. COLLINS,**
>   4.  **GEORGE A. GADDY,**
>   13. **COREY L. RILEY, and**
>   14. **THOMAS A. SCHRAH, JR.,**

agreed with one another and with other persons to the Grand Jury known and unknown, that one and more members and associates of the Colorado Chapter of the Hell's Lovers Motorcycle Club (HLMC) would use and carry a firearm during and in relation to use of the HLMC Colorado Chapter clubhouse as a drug involved premises, a federal felony subject to prosecution under the Controlled Substances Act in accordance with 21 U.S.C. § 856(a)(1) and (2) and (b), and said persons would have joint and individual, actual and constructive, possession of a firearm and ammunition in furtherance of the use of said drug involved premises.

All in violation of Title 18, United States Code, Section 924(o), Conspiracy to Carry a Firearm During and in Relation to a felony violation of the Controlled Substances Act and to Possess a Firearm in Furtherance of a felony violation of the Controlled Substances Act.

## COUNT EIGHT

7

**Misprision of Felony**
18 U.S.C. § 4

On or about September 1, 2010 within the State and District of Colorado, the defendant,

**14. THOMAS A. SCHRAH, JR.,**

then having knowledge of the actual commission of a felony cognizable by a Court of the United States, to wit: Cultivation of Marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(D), concealed said Marijuana cultivation and did not as soon as possible make known the same to a judge and other person in civil and military authority under the United States.

All in violation of Title 18, United States Code, Section 4, Misprision of Felony.

**COUNT NINE**
**Conspiracy to Commit Misprision of Felony**
18 U.S.C. §§ 4 and 371

On or about July 14, 2011, through on or about January 20, 2012, within the State and District of Colorado, the defendants,

**3. GREGORY A. COLLINS,**
**4. GEORGE A. GADDY,**
**13. COREY L. RILEY, and**
**14. THOMAS A. SCHRAH, JR.,**

then having knowledge of the actual commission of one and more felony offenses cognizable by a Court of the United States, to wit: Cultivation of and Possession with Intent to Distribute Marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1) and (3); Using and Carrying a Firearm during and in relation to a Controlled Substance Act felony offense, in violation of 18 U.S.C. § 924(c); Possession of cocaine, a Schedule II controlled substance, with

intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) – said defendants did agree between and among one another and with other persons to the Grand Jury known and unknown to conceal one and more of said offenses and to refrain from making known the same to a judge and other person in civil and military authority under the United States.

All in violation of Title 18, United States Code, Sections 371 and 4, Conspiracy to Commit Misprision of Felony.

### COUNT TEN
**Possession with Intent to Distribute Marijuana**
21 U.S.C. § 841(a)(1) and (b)(1)(D)
**Aiding and Abetting**
18 U.S.C. § 2

Between on or about August 1, 2010 and March 31, 2011, within the State and District of Colorado, the defendant,

**THOMAS A. SCHRAH, JR.**

intentionally aided and abetted another person knowingly to cultivate Marijuana plants and to possess with intent to distribute a quantity of a substance and mixture containing a detectable amount of Marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2, intentionally aiding and abetting another to do so.

### COUNT ELEVEN
**Maintaining Drug-Involved Premises**
21 U.S.C. § 856(a)(1) and (2) and (b)

Between on or about April 7, 2010, and on or about July 30, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY,**

knowingly used a place, to wit: the residence known as 2331 Pontiac Street, Denver, Colorado, for the purpose of distributing quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1) and (2) and (b), Maintaining drug-involved premises.

## COUNT TWELVE
### Possession with Intent to Distribute Cocaine
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 7, 2010, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THIRTEEN
### Possession with Intent to Distribute Cocaine
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 6, 2010, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance..

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT FOURTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 26, 2010, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT FIFTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about July 14, 2010, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT SIXTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about March 31, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT SEVENTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 8, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT EIGHTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 13, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT NINETEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 12, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 20, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY-ONE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about June 3, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY-TWO
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

On or about June 30, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c) and Title 18 Section 2.

### COUNT TWENTY-THREE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about July 14, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY-FOUR
**Possession with Intent to Distribute Marijuana**
21 U.S.C. § 841(a)(1) and (b)(1)(D)

On or about July 14, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).

### COUNT TWENTY-FIVE
**Possessing Firearm in Furtherance of Drug Trafficking Felony Offense**
18 U.S.C. § 924(c)

On or about July 14, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY,**

14

knowingly possessed a firearm in furtherance of a federal felony drug trafficking crime, to wit: knowingly to use and maintain a drug involved premises, the residence known as 2331 Pontiac Street, Denver, Colorado, in violation of Title 21 U.S.C. § 856 (a)(1) and (2) and (b)(1).

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(I), Possessing a firearm in furtherance of drug trafficking felony offense.

### COUNT TWENTY-SIX
**Possession with Intent to Distribute More than 500 grams of Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(B)
18 U.S.C. § 2

On or about June 12, 2007, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly distributed and knowingly possessed with intent to distribute more than 500 grams of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance and intentionally did aid and abet the same.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

### COUNT TWENTY-SEVEN
**Conspiracy to Distribute more than 5 Kilograms of Cocaine**
21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)

Between on or about January 1, 2005 and on or about June 12, 2007, within the State and District of Colorado and elsewhere, the defendant,

**COREY L. RILEY**,

knowingly agreed with Z.A. and other persons to the Grand Jury known and unknown that one and more of said persons would knowingly possess with intent to distribute and would knowingly

distribute more than five kilograms of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A), Conspiracy to distribute more than five kilograms of cocaine, and Title 18, United States Code, Section 2.

### COUNT TWENTY-EIGHT
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about March 12, 2010, within the State and District of Colorado, the defendant,

**ERIC LUGO**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY-NINE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

On or about April 14, 2010, within the State and District of Colorado, the defendant,

**ERIC LUGO**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c) and Title 18, United States Code, Section 2.

**Forfeiture Allegation**
**18 U.S.C. § 3665**

1.  The allegations contained in Counts One through Twenty-Nine of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(a), and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the violations alleged in Count One through Twenty-Nine of this Superseding Indictment involving violations of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(c), the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including but not limited to the following:

   a. Miscellaneous Firearms and Ammunition seized on July 14, 2011, from Corey Riley, at 2331 Pontiac Street, Denver, Colorado.

3.  Upon conviction of the violations alleged in Count One through Twenty-Nine of this Second Superseding Indictment involving violations of Title 21, United States Code, Sections 841, 846, and 856, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), any and all proceeds obtained directly or indirectly as a result of such offenses, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including, but not limited to:

        a. a money judgment in the amount of the proceeds obtained from the conspiracy and/or violations listed above for which the defendants are jointly and severally liable;

        b. $16,960.00 in United States Currency, seized on July 14, 2011 from Corey Riley at 2331 Pontiac Street, Denver, Colorado;

        c. Miscellaneous Firearms and Ammunition seized on January 21, 2012, at 16051 East Colfax Avenue, Apt. 23, Aurora, Colorado; and

        d. $5,027.00 in United States Currency, seized on January 20, 2012, at 50 South Trenton Street, Denver, Colorado.

        e. Miscellaneous Firearms and Ammunition seized on January 20, 2012, from the Hell's Lovers Motorcycle Club clubhouse.

    4. If any of the property described in paragraphs 1 through 3 above, as a result of any act or omission of the defendants:

        a) cannot be located upon the exercise of due diligence;
        b) has been transferred or sold to, or deposited with, a third party;
        c) has been placed beyond the jurisdiction of the Court;
        d) has been substantially diminished in value; or
        e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

                                      A TRUE BILL:

                                     Ink signature on file in the Clerk's Office
                                     FOREPERSON

JOHN F. WALSH
United States Attorney

  s/ Guy Till
By: GUY TILL
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
Guy.Till@usdoj.gov