**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Criminal Case No. 12-CR-00010-MSK-14**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**14. THOMAS A. SCHRAH, JR.,**

**Defendant.**

---

# PLEA AGREEMENT

---

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, and the defendant, THOMAS A. SCHRAH, JR., hereinafter referred to as the defendant, personally, and by his counsel of record, TIMOTHY D. EDSTROM, Esq., submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1. It is the intention of the parties to resolve all pending criminal issues [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely

**Court's Exhibit**

**1**

fulfill his obligations pursuant to the plea agreement). The offer represented by this plea agreement is withdrawn unless: (1) the defendant files a Notice of Disposition no later than June 15, 2012; and (2) withdraws or requests the court to suspend and hold in abeyance any pending pretrial motions until the Court either accepts or rejects the contemplated plea of guilty. This plea agreement and related communications are under color of FRE 410.

## I. AGREEMENT

A. The defendant agrees to plead guilty to Count Eight of the Second Superseding Indictment (#469) alleging Misprision of Felony, in violation of 18 U.S.C. § 4.

B. In exchange for his voluntary, knowing and intelligent plea of guilty to Misprision of Felony, the Government agrees to file a motion to dismiss the First Superseding Indictment (#180), Indictment (#1) and the remaining counts of the Second Superseding Indictment in this case as to the defendant, to be effective after the Court accepts the defendant's plea of guilty.

C. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or

varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 8 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

D. In consideration of the defendant's plea of guilty to Misprision of Felony and the imposition of sentence pursuant to said plea, the Government agrees to recommend the adjustment for acceptance of responsibility and agrees that the Government will argue for a sentence within the Guidelines at the time of sentencing.

E. The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553. By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the

applicable Guidelines range. The Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range.

## II. ELEMENTS OF THE OFFENSE

The parties agree with respect to Misprision of felony as charged in the Second Superseding Indictment, 18 U.S.C. § 4, the elements of the offense to which this plea is being tendered are as follows:

(1) A federal felony was committed, to wit:

(A) Between on or about August 1, 2010 through on or about March 31, 2011;

(B) within the State and District of Colorado;

(C) other persons grew marijuana plants on premises known to the defendant;

(D) marijuana being a Schedule I controlled substance;

(E) the cultivation of marijuana plants being a felony defined by Title 21 U.S.C.§ 841(a)(1) and (b)(1)(D);

(2) The defendant had knowledge of the commission of said felony;

(3) The defendant failed to notify a person in federal authority of said felony as soon as possible, and

(4) The defendant took part in an affirmative act to conceal the fact that said federal felony had been committed. *See* § 2.08, 10th Circuit Pattern Instructions, 2011.

## III. STATUTORY PENALTIES

A. The maximum statutory penalty for the offense of Misprision of Felony charged in the superseding indictment is not more than 3 years imprisonment; a fine of up to $250,000.00, or both; a term of supervised release of not more than 1 year following any period of imprisonment; and a $100 special assessment fee.
*See* Title 18 U.S.C. Section 3559(a).

B. If a person commits a violation of the terms of supervised release or probation, the Court may impose a period of imprisonment for such a violation, which may be followed by a period of supervised release.

## IV. COLLATERAL CONSEQUENCES

A federal felony conviction may have substantial consequences for a person's civil rights and abilities, such as the ability to qualify for certain professional licenses, the right to own, use or carry a firearm, the right to hold elected office, the right to serve on a jury, or the right to vote during a period of confinement or supervised release.

## V. STIPULATION OF FACTS

A. The parties agree there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offenses of conviction, consider relevant offense conduct, and consider other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to these considerations and computations. To the extent the

parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement,

B. This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

C. The parties agree that the date on which the relevant offense conduct began is on or about August 1, 2010. The parties agree evidence at trial would establish the following:

(1) Between August 1, 2010 and March 31, 2011;

(2) Sheps Khamsahu and other persons;

(3) cultivated marijuana plants using grow lights and other equipment;

(4) on the premises at 5421 E. 52nd Ave, Commerce City, within the District of Colorado;

(5) and the defendant was aware of the marijuana grow operation;

(6) and the defendant concealed the marijuana grow operation;

(7) and the defendant did not report the existence of the marijuana grow operation or the activities of Sheps Khamsahu and other persons tending the marijuana grow operations to any person in authority or in law enforcement;

(8) and the marijuana plants grew to maturity twice during the period, each growth cycle resulting in two harvest of at least 2.5 KG but less than 5 KG of marijuana;

E. The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

A. The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies which matters are in dispute. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offenses

B. The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department,

is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court. The defendant understands and agrees he may not withdraw his pleas solely as a result of the sentence imposed.

C. The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under § 6B1.4 of the Guidelines:

(1) The government asserts and the parties stipulate the offense level for marijuana cultivation in this case as to the defendant is **12** under Section 2D1.8(a)(1) and 2D1.1(14)(at least 2.5 KG but less than 5 KG of marijuana). **Under the Guidelines, Misprision of Felony, Section 2X4.1, calls for use of the adjusted base level of the underlying offense.**

(2) The parties stipulate there are no victim-related or obstruction adjustments. The defendant opposes an upward adjustment for role in the offense; defendant may choose to argue for a minor role in the offense adjustment.

(3) There are no adjustments for specific offense characteristics.

(4) Provided the defendant files his notice of disposition by the deadline indicated above and withdraws or withholds his pretrial motions, the

Government joins in the defendant's request that he receive the full two level (or three levels if the base offense level is 16 or above) acceptance of responsibility decrease under §3E1.1(a) and (b). If granted, according to the Government's calculations, the adjusted offense level would be **10.**

(5) The application of Section 2X4.1, results in a reduction by 9 levels, but in no event resulting in less than offense level 4; the offense level for Misprision of Felony in this case as to the defendant is offense level **4**.

(6) The defendant has only minor traffic type violations on his record. Government estimates the defendant qualifies for Criminal History Category I. The defendant does not necessarily agree with the Government's estimate, and further reserves the right to request a departure or a variance as to the defendant's Criminal History Category. The parties understand and agree the Government's estimate regarding the defendant's criminal history category is a projection, and the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart from the guidelines determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

(7) The defendant is not eligible for "safety valve" consideration because he has not fully debriefed with the Government. Section 5C1.2.

## GUIDELINES PREDICTION

(D) The Guidelines' sentencing range for Misprision of Felony, resulting from an adjusted offense level of 4, Criminal History Category I, is a sentence with a term of imprisonment of 0-6 months. A defendant with offense level 4, Criminal History Category I, is in Zone A and is therefore eligible under the Guidelines for a sentence of probation. Section 5B1.1. The maximum guideline range for Level 4, Criminal History Category VI, is a term of imprisonment of 6-12 months. The parties understand the Sentencing Guidelines are merely advisory to the Court and understand the Court will impose a sentence in its sound discretion and in accordance with factors in Title 18 U.S.C. Section 3553. The Court may impose a sentence up to the statutory maximum provided by law.

(E) Pursuant to §5E1.2, the range of a fine for offense level 4 for the offense of conviction is $250.00 to $5,000.00.

(F) In the event of conviction and imprisonment, the defendant is subject to the imposition of a term of supervised release of not more than 1 year and a mandatory special assessment of $100 per count of conviction.

(G) The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

(H) No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other18 U.S.C. §3553 factors.

(I) The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or

assurance, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurance not expressly stated in this agreement.

Date: 8-22-2012

By: 36954
TIMOTHY D. EDSTROM, ESQ.
ATTORNEY FOR DEFENDANT SCHRAH

Date: 8/22/12

By:
THOMAS A. SCHRAH, JR.
DEFENDANT

Date: 8/22/12

By: Guy Till
GUY TILL
ASSISTANT U.S. ATTORNEY

N:\GTill\HLMC_Schrah_PLEA_AGREEMENT_Template_13_June_Misprision.wpd