IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-CR-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THOMAS A. SCHRAH,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
CHANGE OF PLEA
_____

Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 3:33 p.m., on the 6th day of August, 2012, in Courtroom A901, United States Courthouse, Denver, Colorado.

**APPEARANCES**

GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the Government.

TIMOTHY EDSTROM, Attorney at Law, 200 South Sheridan Boulevard, Suite 150, Denver, Colorado, 80226-8006, appearing for the Defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

```
 1                        P R O C E E D I N G S
 2             THE COURT:  Court is convened today in Case No.
 3   12-cr-10, encaptioned the United States of America v. Thomas A.
 4   Schrah.  The matter is set down for a change in plea.
 5             Could I have entries of appearance, please.
 6             MR. TILL:  Good afternoon, Your Honor.  Your Honor,
 7   I'm Guy Till.  I'm an assistant U.S. attorney representing the
 8   Government.  Also present today to advise me is ATF Special
 9   Agent Mark Feltz.  He is here substituting for Special Agent
10   Cole.
11             THE COURT:  Good afternoon and welcome.
12             MR. EDSTROM:  Good afternoon, Your Honor.  Tim Edstrom
13   on behalf of Thomas Schrah, who is present.
14             THE COURT:  Good afternoon and welcome.
15             Are you ready to proceed?
16             MR. TILL:  Yes, Your Honor, we are.
17             MR. EDSTROM:  We are ready to proceed.
18             THE COURT:  Mr. Edstrom, would you and your client
19   please go to the lectern.
20             This matter is before the Court for a change in the
21   defendant's plea, for rearraignment pursuant to Rule 10, and
22   for consideration of and advisement with regard to the parties'
23   plea agreement in accordance with Rule 11, both of the Federal
24   Rules of Criminal Procedure.
25             The record reflects that the defendant was charged in
```

1  an Indictment filed with this court on January 9, 2012.  He was
2  charged in Counts 31 and 32.  Was he also charged in the
3  Superseding Indictment.
4        *MR. TILL:*  Yes, Your Honor, he was charged in the
5  Superseding Indictment and the Second Superseding Indictment.
6        *THE COURT:*  What counts?  It looks like 31 and 32 in
7  the Superseding Indictment.
8        *MR. TILL:*  I believe that is correct.
9        *THE COURT:*  When was the Second Superseding Indictment
10 filed?
11       *MR. TILL:*  Your Honor, the Second Superseding
12 Indictment, he was charged in Count 1 -- do you want me to
13 state what the charge is, Your Honor?
14       *THE COURT:*  No, I just want you to tell me what date
15 it was.
16       *MR. TILL:*  The Second Superseding Indictment, Your
17 Honor, was filed on June 5, 2012.  He was charged in Count 1.
18 He's charged in Count 2 --
19       *THE COURT:*  3, 6, 7, 8, 9, and 10, it looks like.
20       *MR. TILL:*  Your Honor, that's correct.
21       *THE COURT:*  Thank you.
22       *MR. TILL:*  Your Honor, did you say Count 8?  I believe
23 you did.
24       *THE COURT:*  I did.  1, 2, 3, 6, 7, 8, 9, and 10.
25       *MR. TILL:*  Yes, Your Honor.  That's right.

1     *THE COURT:* My understanding is that he's entered a
2  plea of not guilty to all of those charges in both the
3  Indictment and the Superseding Indictment and then also in the
4  Second Superseding Indictment. And that by virtue of the
5  provisions of his written plea agreement, he now desires to
6  enter a plea of guilty to Count 8 of the Second Superseding
7  Indictment.
8     And the Government intends to dismiss all of the other
9  counts; is that correct?
10    *MR. TILL:* That is correct, Your Honor.
11    *THE COURT:* Would you please rearraign.
12    *MR. TILL:* Yes, Your Honor.
13    Sir, are you the same Thomas A. Schrah, Jr., who is
14 charged in Count 8 of the Second Superseding Indictment with
15 misprision of felony?
16    Let me say it one more time. Sir, in Count 8 of the
17 Second Superseding Indictment, the allegations directed at
18 Thomas A. Schrah, Jr., are you Thomas A. Schrah, Jr.?
19    *THE DEFENDANT:* Yes, sir.
20    *MR. TILL:* Okay. Sir, the allegation is that on or
21 about September 1, 2010, within the state and district of
22 Colorado, the defendant, then having knowledge of the actual
23 commission of a felony cognizable by a court of the United
24 States, to-wit, cultivation of marijuana, a Schedule I
25 controlled substance, in violation of 21 United States Code

1   Section 841(a)(1) and (b)(1)(D), concealed said marijuana
2   cultivation and did not as soon as possible make known the same
3   to a judge and other person in civil and military authority
4   under the United States, all in violation of Title 18 United
5   States Code Section 4, misprision of felony.
6           Sir, do you understand that charge?
7           *THE DEFENDANT:* Yes, sir.
8           *MR. TILL:* Sir, do you have any questions for me about
9   that charge?
10          *THE DEFENDANT:* No, sir.
11          *MR. TILL:* Sir, at this time, how do you plead to that
12  charge, sir?  Do you plead not guilty, or do you plead guilty?
13          *THE DEFENDANT:* I plead guilty to that, yes.
14          *MR. TILL:* Thank you, sir.
15          *THE COURT:* As of this moment, sir, you're not bound
16  by your plea of guilty.  Indeed, you're not bound by this plea
17  until I accept it.  You can change your mind at any time during
18  this hearing until I accept your plea.  In order to accept your
19  plea, I have to be sure that you understand the charges that
20  have been brought against you, that you understand your choices
21  and the consequence that flow from those choices, I have to be
22  sure that your decision to plead guilty is voluntary and you
23  haven't been pressured into it, I have to be sure there is a
24  factual basis for your plea.  And because your plea agreement
25  provides for waiver of certain other rights, including your

1  right to appeal and to collaterally attack a judgment, I have
2  to be sure that you understand what rights you're waiving and
3  that you're voluntarily doing so.
4         Throughout this hearing, I want you to let me know if
5  there is anything you don't understand or if you have any
6  questions.  If you can't hear me or you don't understand
7  something I say or ask, tell me.  And if you'd like to confer
8  with your attorney at any time, let me know, and we'll take a
9  brief recess so you can do so.
10         I begin by asking you a number of questions.  The
11 questions are not intended to trap, embarrass, insult, or
12 offend you.  The questions are important because your answers
13 are important.  It is your answers that I assess in order to
14 determine whether I can accept your plea or not.  Therefore,
15 you must answer my questions truthfully and completely.
16 Indeed, just like a witness, you take a solemn oath promising
17 to tell the truth.  If you don't tell the truth, your answers
18 can be used against you if an action is brought against you for
19 false statement or perjury.  Do you understand?
20         *THE DEFENDANT:*  Yes, ma'am.
21         *THE COURT:*  Do you want to proceed?
22         *THE DEFENDANT:*  Yes, ma'am.
23         *THE COURT:*  All right.  You know, I'm going to need
24 you to be speaking into the microphone.  Perhaps, Mr. Edstrom,
25 you could move out of the way.

```
 1              THE DEFENDANT:  Yes, ma'am.
 2              THE COURT:  Thank you.
 3          Would you please administer the oath.
 4          (Defendant sworn.)
 5              THE COURT:  Sir, how old are you?
 6              THE DEFENDANT:  64.
 7              THE COURT:  What level of school did you complete?
 8              THE DEFENDANT:  High school and then a couple of years
 9   of college, you know.  I started -- you know, different
10   subjects at night.
11              THE COURT:  Do you have any difficulty reading or
12   writing?
13              THE DEFENDANT:  No, ma'am, no.
14              THE COURT:  Within the last 24 hours, have you taken
15   any medication?
16              THE DEFENDANT:  Yes, but not --
17              THE COURT:  What have you taken?
18              THE DEFENDANT:  Whatever it was they gave me.  I'm not
19   sure.  It's a pain medication.  I fell and --
20              THE COURT:  Counsel, I need to know what medication
21   your client has taken within the last 24 hours.  And
22   particularly, with pain medication, I need to know how long
23   he's been on that medication and what the side effects are.
24   Perhaps you'd like to confer with your client for a few
25   minutes.
```

```
 1            MR. EDSTROM:  I'd appreciate that.
 2            THE COURT:  All right.  We'll stand in brief recess.
 3            (Recess from 3:42 p.m. to 3:50 p.m.)
 4            THE COURT:  We'll return to where we were.
 5            Sir, what medications have you taken in the last 24
 6  hours?
 7            THE DEFENDANT:  It's a generic drug called Norco.
 8  It's a pain killer.
 9            MR. EDSTROM:  Your Honor, I can spell that if that
10  would be the easiest way to go.  The name of the pill is called
11  Hydroco/Acetaminop, H-Y-D-R-O-C-O slash A-C-E-T-A-M-I-N-O-P,
12  5-325 mg, which is a generic for a drug called Norco,
13  N-O-R-C-O.
14            THE COURT:  How long have you been on it?
15            THE DEFENDANT:  Friday -- yeah -- Friday, Your Honor.
16            MR. EDSTROM:  And I believe he said he's also taken an
17  ibuprofen, although I don't think that would affect him
18  mentally.
19            THE COURT:  How frequently are you taking this?
20            THE DEFENDANT:  I took one when I got up this morning,
21  and I took one before we came here.  And I'm supposed to be
22  able to take two every six hours, so I don't take any more than
23  I have to.
24            THE COURT:  Do you take any other medication?
25            THE DEFENDANT:  Adderall every day for -- for my head
```

1  injury I had.

2  *THE COURT:* Tell me about your head injury.

3  *THE DEFENDANT:* I was -- well, I was on -- going on my

4  motorcycle, and a state trooper ran into the back of me about

5  70.  That's really all I remember about the accident.

6  *THE COURT:* How long ago was that?

7  *THE DEFENDANT:* That was in 2002.

8  *THE COURT:* And since that time have you had any

9  difficulty in thinking or processing?

10  *THE DEFENDANT:* Well, I did after the accident.  It

11  was like three years before I would take my grandsons by

12  myself, because I wouldn't -- like, I went to take them from

13  lunch with my daughter.  It's only six blocks to their house,

14  and an hour and a half later she called me, and I was at

15  Sheridan and Morrison Road.  I didn't know why.  Anyway, they

16  sent me to a brain disorder clinic up in Boulder, and they did

17  all of these tests, and they came up with Adderall, the proper

18  dose or anything.  I haven't had it since, so I'm okay.

19  *THE COURT:* Are you thinking clearly today?

20  *THE DEFENDANT:* Yes, ma'am.

21  *THE COURT:* What's your pain level on a score of zero

22  to ten?

23  *THE DEFENDANT:* Maybe just like a 4 or something.  It

24  was my rotator cuff and my bicep muscle got tore off the

25  tendon, and tendon got tore off the bone when I fell off a

```
 1  ladder at work.
 2          THE COURT:  Sorry to hear that.  It sounds painful.
 3          THE DEFENDANT:  Wasn't my swiftest move.
 4          THE COURT:  Within the last 24 hours have you used any
 5  drug or alcohol?
 6          THE DEFENDANT:  No.
 7          THE COURT:  To the best of your knowledge, other than
 8  the brain injury you suffered, have you ever been diagnosed
 9  with a form of mental illness?
10          THE DEFENDANT:  No, ma'am.
11          THE COURT:  Is there anything about the way you feel
12  today physically or emotionally that prevents you from
13  understanding what is happening?
14          THE DEFENDANT:  No.
15          THE COURT:  Have you read and do you understand the
16  charges against you in the Indictment?
17          THE DEFENDANT:  Yes, ma'am.
18          THE COURT:  Have you discussed them with your
19  attorney?
20          THE DEFENDANT:  Yes, ma'am.
21          THE COURT:  Have you asked him all the questions you
22  had about them?
23          THE DEFENDANT:  Yes, I did, I think -- I think we
24  talked about it quite a bit.
25          THE COURT:  Has he answered all of your questions?
```

1    *THE DEFENDANT:* Yes, he did. Yes. You know, it's
2    just confusion between the state law and federal law, you know.
3    *THE COURT:* Are there any other questions you want to
4    ask him about the charges?
5    *THE DEFENDANT:* No, ma'am.
6    *MR. EDSTROM:* Just for the record, Eric Lee, who was
7    with our office until Friday, was the person that most
8    thoroughly went through the documents, the plea agreement and
9    the statement in advance.
10   *THE COURT:* Have you independently done that, Mr.
11   Edstrom?
12   *MR. EDSTROM:* No, I have not gone through the entirety
13   of both documents independently.
14   *THE COURT:* You have?
15   *MR. EDSTROM:* I have not gone through the entirety of
16   both --
17   *THE COURT:* Then please reset this hearing. You
18   cannot, then, advise me as to whether he understands them or
19   not.
20   We'll continue this hearing to another date. You can
21   get a new date from Ms. Glover. Please go over the plea
22   agreement and the statement in advance with Mr. Schrah and make
23   sure that he understands the terms and provisions of the plea
24   agreement.
25   Thank you. We'll stand in recess.

1         *THE DEFENDANT:*  Thank you, Your Honor.

2             (Recess at 3:54 p.m.)

3                    REPORTER'S CERTIFICATE

4

5       I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.
6

7       Dated at Denver, Colorado, this 22nd day of August, 2013.

8                              s/Therese Lindblom

9                         _____
                               Therese Lindblom,CSR,RMR,CRR
10